Ruffin, Judge.
 

 There are two questions in this case distinct in themselves, though relating to the same subject. The first is, whether the sale of land under
 
 afi-fa.
 
 be good, if made on the day after the process is made returnable! and before it be returned, and during the term of the court to which it is returnable, This is answered by the case of
 
 Lanier
 
 v.
 
 Stone.
 
 (1
 
 Hawks
 
 329,) affirmatively, and we see no reason for being of a different opinion.
 

 The second is, whether the acts of assembly, directing the manner in which sheriffs shall sell lands and slaves,
 
 (Taylor’s
 
 Revisal, c. 1096 & 1153,) do not render such a sale as this void. This we think, is answered negatively by Pope v.
 
 Bradley.
 
 (3
 
 Hawks
 
 16.) That case is said not to be in point, because the sale was opened, and because the reason for adjourning it, was a good one. — , Those circumstances were adverted to for the purpose of establishing the propriety of the sheriff’s conduct, even had he been called on to answer in that action ; but not as establishing the purchaser’s title. For the Chief-Justice plainly says, that on no principle could an irregularity in the adjournment annul the sale, and he founds himself in this, on the act being directory to the sheriff, and giving a penalty against him. And those are the grounds of the opinion we entertain. It would be dangerous-to purchasers, and ruinous to defendants in execution, to require bidders to see that the sheriff had complied with all his duties. It is said however, that this will allow sales to be made at other places, besides the court-house, as the same section fixes both the place and the day. The difference is this, a purchaser knows, and is bound to take notice, that the sheriff cannot sell but at the court-house, and that a sale elsewhere, must be void. But the sheriff may sell on Monday, or in certain cases, and under certain regulations, he may also sell the next day. Now a bidder can no more know whether .those provisions have been complied with, than
 
 *430
 
 whether the sale has been duly advertised. We. think indeed, that postponing the sale entirely by proclamation, is the same for this purpose, as beginning and then adjourning it. But that respects the remedy against the sheriff, and is not the, principle which governs this case. For these reasons, the instructions given in the Superior Court are deemed erroneous, and the judgment is reversed.
 

 Pee Curiam. — Judgment reversed.