Nash, J.
 

 We see no cause to disturb the judgment in this case. The Counties of Davie and Davidson lie contiguous to eaeh other, separated by the river Yadkin. The late Jesse Pearson owned several tracts of land in the former, and several in the latter, lying on opposite sides of the river and separated only by it. He sold the whole of these lands to Peter Hariston by one conveyance, who by his will devised them to t-he plaintiff as one whole. At that time the la'tter lived in Virginia and employed several overseers, the one on that portion of the land in Davie County, and, the other, on that which laid in Davidson; and the land was listed in the respective Counties. Subsequently the plaintiff removed into this State, and settled on the portion which was in Davie, and listed the whole as one tract in that County. The Sheriff of Davidson demanded a double tax upon the land in that County, as land not given in for taxation-, and, upon a refusal to pay it, levied upon the horse in question, the property of the
 
 *480
 
 plaintiff, and sold it. It is admitted, that, if the land was properly listed in Davie, the sale of the horse was illegal, and the plaintiff is entitled in this action to recover its value. Upon an examination of the act of the assembly, it is manifest that the plaintiff was not only entitled to give it in, in the County of Davie, but that it was his duty to do so. By the 24th sec. of the act of 1836, ch. 102, the inhabitants of the respective districts of each County are required to return on oath each- and every tract of land, for which they are liable to pay a . tax in the County. When, therefore, an individual owns, in the same County several distinct tracts of land separate from each other, by several and distinct titles, he must give them in separately ; but if he holds the whole by one title, they constitute but one tract, if they be contiguous to each other, and may so be given in, because they are held by him under one title and as one whole. The 31st sec. of the same statute is decisive of the question presented in this case. It is provided, that when a tract of land shall be in two or more Counties, the owner shall be
 
 bound
 
 to list the same in the County, where he resides, if he resides in either County — if he resides in neither then he may list it in either. Jesse Pearson held the land under different titles, and, in his possession, if not contiguous, they were different tracts- and as such he was bound to list them. But he sold them to Mr. Hairston by one deed, and by the latter they are-devised as one. Ordinarily not more than one tract is conveyed in- the same d'eed, for, if the vendor acquired the estate by several contiguous parcels, when united in him and sold together, they ai’e usually surveyed together, and described as a single ti'act. Hence the purchaser in possession of any part of the land conveyed by that deed is said to be in possession of the whole,
 
 Carson
 
 v
 
 Burnet,
 
 1 Dev. and Bat. 556. While the plaintiff lived in Yirginia, he acted rightly in listing the land in the several Coun
 
 *481
 
 ties, in which they lay. After his removal to Davie, the law imposed it as a duty upon him, to list the whole in that county. The fact that the river Yadkin ran through the land, thereby dividing the parts, which lie in the two Counties, is of no importance. The two parts were still contiguous, the filum of the stream being the line. We see no error in the Judges charge, and the judgment is affirmed.
 

 Pee Curiam. Judgment affirmed.