On the trial it became material for the plaintiff to produce in evidence the record of a special proceeding, and the following is so much of the case stated on appeal for this Court in respect thereto as need be reported:
The plaintiff proposed to show a sale of the land in controversy by E. S. Parker, administrator of Samuel Adams, deceased, on 3 April, 1876 (under special proceeding taken by him in the Superior Court of Alamance County, for the purpose of creating assets for the (556) payment of debts of his intestate), to John Ireland, the last and highest bidder, and a deed made on 5 January, 1881, to the heirs at law of the said John Ireland, who had theretofore died intestate, after having paid the whole of the purchase money for the said land to the administrator, Parker.
To establish such special proceeding, the plaintiff put in evidence two summonses issued by the clerk of the Superior Court of Alamance County, bearing date 27 November, 1875, entitled E. S. Parker as administrator ofSamuel Adams v. John Adams, John Boon and wife, Robena, Jacob Hicks andwife, Piety, both of which had been served; also the petition of E. S.Parker, administrator of Samuel Adams, deceased, against John Adams, JohnBoon and wife, Robena, Jacob Hicks and wife, Piety, filed in said court, praying for a license to sell the real estate described in the petition, the same being the land in controversy in this action, as the property of Samuel Adams, deceased, to create assets for the payment of the debts of his intestate, subject to the right of dower of the widow of said deceased, which said petition was verified before the clerk of said court on 20 January, 1876. Plaintiff also introduced an order directing publication to be made in the Alamance Gleaner, a paper published in Alamance County, for six weeks.
The plaintiff then introduced the clerk of the Superior Court of Alamance County who testified that the two summonses, together with the petition of E. S. Parker, administrator of Samuel Adams, deceased, and the order of publication, which were introduced by the plaintiff, were (records) found by him in the office of the Superior Court of Alamance County. He also proved that W. A. Albright was his immediate predecessor *Page 405 
in the clerk's office, and that he well knew his handwriting, and that the signature to the two summonses and, also, to the verification to the petition and the signature to the order for publication, were his handwriting. Witness also testified that the case of E. S. Parker,administrator of Samuel Adams, deceased, against John Adams,John Boon and wife, Robena, Jacob Hicks and wife, Piety, (557) appeared in the summons docket of said Superior Court, and further, that he had made diligent search in his office for the order of sale, the report of sale, the decree confirming the sale by E. S. Parker as administrator to John Ireland, or any other papers or records belonging to said case in said office, but was unable to find such, and that he found no other entry of the case upon docket or records other than the statement of the case and the issuing of the summons. He stated that he found no minutes, or memorandum, or order upon said records.
The plaintiff then introduced E. S. Parker, the administrator of Samuel Adams, deceased, and after exhibiting a written notice to the defendants that the plaintiff would offer parol evidence of the existence of the records and orders and proceedings in the special proceeding for the sale of the land of the said Samuel Adams, deceased, and the loss or destruction of said records, and of the plaintiff's purpose to show the contents thereof by parol, proposed to prove by him the issuing of the summons hereinbefore mentioned and the fact of the filing by himself, in the office of the clerk of the Superior Court, of the petition, hereinbefore mentioned, for the sale of land to make assets, and an order for publication, and that the said petition and order were in his handwriting and signed by him as attorney and petitioner, and were the original papers they purported to be. Plaintiff further proposed to prove by said witness the existence of an order adjudging that publication had been made for the defendant John Adams, a nonresident, and of a decree of the said court in the said special proceeding directing him, as the administrator of Samuel Adams, to sell the land described in his petition at public auction at the courthouse in Graham, to the highest bidder, for cash, after duly advertising the same, and that the proceeds of the sale be assets in his hands for the payment of debts, it being adjudged that there was no personal estate of said intestate with which to pay debts; also, that he made said sale, after due (558) advertisement, on 3 April, 1876, at the courthouse in Graham, when and where John Ireland became the purchaser at the price of $50.50, and paid the purchase-money down, and that he made no report of said sale to the court; also, a decree of the court made confirming said report and sale and directing the said administrator to make title in fee to the purchaser; and further, proposed to prove by said witness that the said John Ireland having died soon thereafter, after having *Page 406 
paid for said land, he made and executed a title deed to the heirs at law of the said John Ireland, deceased, being the grantors named in the said administrator's deed, which deed was made on 5 January, 1881. And plaintiff further proposed to prove by said Parker that he afterwards saw, on several occasions, said special proceeding, petition and other orders, order of sale, report of sale and decree confirming said sale, etc., in the clerk's office as records of said court, and knew that all of said orders did exist and were on file in said office, and that diligent search has been made since in said office for them. Upon objection by the defendants to the proposed evidence of the witness E. S. Parker, as hereinbefore set forth, the court sustained the said objection and refused the proposed evidence, to which ruling of the court the plaintiff excepted.
The plaintiff then proposed to introduce in evidence the deed executed by E. S. Parker, administrator of Samuel Adams, to J. R. Ireland, W. F. Ireland, Samuel Ireland, W. S. Caffey and wife, Caroline, C. Isley and wife, Louisa, for the land in controversy, bearing date 5 January, 1881, which deed has been duly proven and registered, and insisted upon the title derived from said deed, as well as recitals contained therein, as evidence of the existence of the record and (559) other proceedings recited in said deed under the law and the maxim, "omnia praesumuntur rite esse acta."
The court, upon objection of the defendants, refused to admit the evidence offered, and the plaintiff excepted.
Upon the intimation of the court, the plaintiff submitted to nonsuit and appealed.
The evidence proposed and rejected on the trial must be accepted for the present purpose as true, because it was material, and if it had been submitted to the jury they might have believed and so treated it.
The facts showed that material parts of the record of the special proceeding referred to had been lost or destroyed. The clerk of the court, the proper custodian of the record, made diligent search in his office for such parts of it as were alleged to have been lost, and he was unable to find them. It must be taken that he made such search where, regularly, they ought to be, and generally through his office, where he might hope to find them. McKesson v. Smart, 108 N.C. 17. He failed to find them, if they ever existed. They were lost or destroyed. It *Page 407 
is not suggested that they were not, nor did the court found its opinion upon such supposition.
Then, if the parts of the record specified were lost or destroyed, it was clearly competent to prove on the trial by secondary evidence such loss or destruction, and also what the nature, meaning and purport of such lost parts were. It has been so expressly decided. In Mobley v. Watts,98 N.C. 284, Justice Davis said: "If the record is lost and is ancient, its existence and contents may sometimes be presumed, but whether it be ancient or recent, after proof of the loss, its contents may be proved like any other document, by secondary evidence, where (560) the case does not from its nature disclose the existence of other and better evidence." This case, it seems to us, plainly comes within what is said and decided in the case just cited. Indeed, it is well settled that where the record is lost, and it appears that it existed and its purpose and contents appear, it may be proven on the trial of any action where it becomes material, by secondary evidence. The loss or destruction of the record should, however, be made to appear clearly before receiving such second evidence. Stanly v. Massingill, 63 N.C. 558;Yount v. Miller, 91 N.C. 331; Hare v. Holloman, 94 N.C. 14.
There is error. The judgment of nonsuit must be set aside, and the case disposed of according to law.
Error.
Cited: S. c., 113 N.C. 250; S. c., 115 N.C. 195, 198; Thompson v.Lumber Co., 168 N.C. 228.