G. ROSENTHAL, Trustee, v. J. D. ROBERSON, Administrator of
W. A. Fanning.

*Case on Appeal—Time for Service—Practice—Dismissal of
Appeal—Nonsuit—Error in Name of Party—Judgment,·
how corrected—Motion in the Cause.*

1. The time within which a case and counter-case on appeal must be
   served being prescribed by statute, the Courts cannot prescribe a
   different method by extending the time, but this can only be done
   by consent of the parties if admitted or reduced to writing or
   entered on the minutes or docket.

2. The time for service of a case on appeal must be computed from the
   day of the actual adjournment of the Court, and not from the last
   day to which a term of Court could be extended.

3. Service of a case on appeal after the expiration of the time allowed
   for the same is a nullity.

4. Although the absence of a case on appeal is not ground for a motion
   to dismiss, the judgment will be affirmed unless errors appear on
   the face of record proper.

5. Where the appellant is a plaintiff who has submitted to a nonsuit,
   there can be no error in the record proper which could avail him.

6. Where no judgment was entered below an appeal from a judgment of
   nonsuit, will be dismisssd.

7. Where the summons in an action was served upon W. A. F., who was
   named in the summons, the fact that a judgment was rendered
   against "W. H. F." does not necessarily vitiate it or render it
   void; but it may be corrected by motion in the cause, and is
   expressly allowed at any time by section 273 of *The Code*, and need
   not be made within a year after notice thereof.

8. An action brought in one county to correct a judgment rendered in
   another cannot be treated as a motion in the cause.

CIVIL ACTION, brought in the Superior Court of HENDER-
SON County to correct a judgment rendered in Transylvania
Superior Court. The original action was begun in Tran-
sylvania by the issuing of a summons against W. A. Fan-
ning and others, which was served upon W. A. Fanning,

and at Spring Term, 1890, of said Court judgment was rendered against "W. H. Fanning." W. A. Fanning, being a resident of Henderson county, died and the defendant Roberson was appointed his administrator, against whom this action was instituted at Spring Term, 1893, of Henderson Superior Court.

The defendant, after denying in his answer that his intestate's estate was in anywise liable to plaintiff, for a further defence said that he had no notice whatever of any alleged judgment against his intestate in favor of plaintiff until the bringing of this action, and denied that there was any judgment or other liability in favor of the plaintiff against the defendant or his intestate's estate.

Upon the trial before *McIver*, *J.*, and a jury, at Fall Term, 1893, of Henderson Superior Court, his Honor, after hearing the complaint and answer, intimated that the plaintiff could not recover, and in deference to this opinion the plaintiff took a nonsuit and appealed.

*Messrs. Busbee & Busbee*, for plaintiff (appellant).
*Messrs. W. A. Smith* and *T. J. Rickman*, for defendant.

CLARK, J.: The record states: "Plaintiff allowed twenty days to prepare case on appeal, and defendant twenty days thereafter to accept plaintiff's statement of case on appeal or prepare his statement." The time within which a case and counter-case on appeal must be served is prescribed and limited by statute. Acts 1889, ch. 161, amending *The Code*, §550. The Courts have no power to disregard the statute and prescribe a different period by extending the time. *State* v. *Price*, 110 N. C., 599. The parties, however, can consent to an extension of time. This, if admitted or made in writing or entered on the docket (which latter is the better course), will be recognized as

valid by the Court. *State* v. *Price, supra,* and cases there cited.

We take it, therefore, that in the present case the extension of time was in fact not made by the Court, but was simply an agreement of the parties entered on the minutes. The time allowed, whether by statute or consent, for service of the case on appeal is to be counted not from the last day of the two weeks during which the term of the Court could have been held, but is to be computed from the day of the actual adjournment of the Court. *Turrentine* v. *Railroad,* 92 N. C., 642; *Walker* v. *Scott,* 104 N. C., 481. The day of the actual adjournment of Court does not appear upon the record. Counting, therefore, from the last day upon which the term could have been held, Saturday of the second week, which was December 10, 1893, the twenty days upon which, by consent, service could have been made expired December 30th. The attempted service upon January 4th was a nullity and must be disregarded. *Peebles* v. *Braswell,* 107 N. C., 68; *Cummings* v. *Hoffman,* 113 N. C., 267. The absence of case on appeal is not ground for a motion to dismiss, but the judgment will be affirmed if there are no errors upon the face of the record proper. *Cummings* v. *Hoffman, supra; Lyman* v. *Ramseur,* 113 N. C., 503. As the appellant is a plaintiff who has submitted to a nonsuit and appealed there can be no errors in the record proper which could avail him. Upon the submission by plaintiff to a nonsuit judgment should have been entered against him for costs. This was not done. No judgment having been entered below, the appeal must be dismissed. *Taylor* v. *Bostic,* 93 N. C., 415, and other cases cited; Clark's Code, 2d Ed., 559. It is true if it appeared that the omission of the judgment is a mere inadvertence and the appellant has merits, the Court would remand the case to supply the judgment instead of dismissing the appeal. *Baum* v. *Shooting Club,* 94 N. C., 217.

As further action will probably be taken it is proper to say that the summons having been served upon W. A. Fanning, named in the summons, the fact that the judgment was entered up against "W. H. Fanning" does not necessarily vitiate and render it void. The appellant may consider whether he should not take proceedings by a motion in the cause to correct the judgment. See cases collected in Clark's Code, 2d Ed., 645–648. • The correction of a mistake in the name of a party after judgment is expressly allowed by *The Code*, §273. Such amendment may be made at any time and does not come within the limitation of "one year after notice thereof" prescribed by section 274.

This action, having been brought in another county, cannot be treated as a motion in the cause, as was done in *Jarman v. Saunders*, 64 N. C., 367.

Appeal Dismissed.