## J. C. THOMPSON v. JOHN L. ROPER LUMBER COMPANY.

(Filed 17 February, 1915.)

**1. Judicial Sales—Destroyed Records—Deeds and Conveyances—Recitals—Secondary Evidence—Trials.**

Recitals in a deed executed in pursuance of a judicial decree or in a sheriff's deed upon execution sale are only secondary evidence of the facts recited, and where it is claimed by the party relying thereon that the court record referred to has been destroyed, the destruction of the original record must be clearly proved by him before the secondary evidence can be regarded.

**2. Destroyed Records—Trials—Evidence.**

Where the party claiming title to lands relies upon the destruction of court records affecting it and the recitals of the record in the deed made in pursuance thereof, the destruction of such records is not sufficiently shown by the testimony of the clerk of the court, in whose office the records were required to be kept, that he had ineffectually searched in his office for the original papers, without saying to what extent; that he satisfied himself they could not easily be found, and was unable to say whether they could be found or not.

**3. Judicial Sales—Executors and Administrators—Docket Entries—Evidence.**

Docket entries relied on by a party to show his title to the lands in dispute, under a deed from an administrator to sell the lands to make assets, are too meager to furnish evidence of the proceedings and record, when they do not show whose administrator the grantor was, nor whose heirs were the defendants, nor refer in any manner to the lands sold under the proceedings.

**4. Judicial Sales—Deeds and Conveyances—Dead Grantee—Payment by Purchaser—Equitable Title—Heirs at Law—Action—Payment in Fact—Presumptions—Separate Findings.**

A deed executed to a purchaser of lands sold under judgment of court, after his death, is void; but upon proof of the payment of the purchase price bid at the sale an equitable estate would vest in his heirs, upon which they may maintain their action. In this case there being circumstantial evidence that the purchase price was paid, it is suggested that separate findings be had upon the questions of payment in fact and payment by presumption from lapse of time, should the case again be tried.

APPEAL by plaintiff from *Carter, J.,* at September Term, 1914, of PASQUOTANK.

Civil action to try title to land. The plaintiff relies upon a chain of paper title, originating with four grants to Jonathan Herring, with which the plaintiff seeks to connect himself by mesne conveyances. In deraigning his title the plaintiff is compelled to show title to the *locus in quo* in William B. Shephard and the heirs of Ann Pettigrew, whose heirs at law or devisees the individual defendants admittedly are. In further deraigning his title the plaintiff is compelled to rely upon two deeds, necessary links in his chain of title, towit: First, a deed of date 6 September, 1853, from Ehringhaus, clerk and master, to Joseph Prichard, and further purporting to have been executed under the authority of a decree in a certain special proceeding to sell said lands for partition, instituted by William B. Shephard and the heirs of Ann Pettigrew at Spring Term, 1850, of Pasquotank County Court of Equity; a certain paper-writing, dated March, 1854, purporting to be a deed from James Taylor, administrator of Joseph Prichard, to Matchett Taylor. The plaintiff contends that, even if the deed from the clerk and master to Joseph Prichard be void, still the equitable title to the *locus in quo* vested in Joseph Prichard by virtue of his purchase at the master's sale.

It appears from the evidence introduced by the plaintiff that at the time of the execution of said deed, towit, 6 September, 1853, Joseph Prichard was dead.

The deed of James Taylor, administrator, contains the usual recitals showing a sale to make assets, but the proceedings and records under which it was made were not introduced.

To establish the loss or destruction of such original record and proceeding, the plaintiff relies on the evidence of G. R. Little, clerk of the court of Pasquotank County, who testified as follows: "I hold in my hands some papers marked 'Account of sale and inventory, 1853,' which I found in the files in my office where such accounts are kept. One of these accounts is entitled The Estate of Joseph Prichard, deceased, in account with James Taylor, administrator, interest calculated up to 1 September, 1853. I have made search for the petition of James Taylor, administrator of Joseph Prichard, to sell the lands of his intestate for assets, but did not find them. I have found some entries on the petition docket and the appearance docket. I have seen no original papers. I made a search to satisfy myself that it could not be found easily. I don't know whether counsel understand or not; most of the records about this date are down there in such a condition that I am unable to tell whether they can be found or not. They have not been filed and indexed, and from the search I made I was unable to find them. The record which I referred to just now was the docket record."

The plaintiff further offered certain docket entries, from the appearance and civil docket, December Term, 1852, of the court of pleas and quarter sessions of Pasquotank County, as follows:

DOCKET ENTRY No. 2.

"No. 8.    Petition to make realty assets. James Taylor, administrator, to the court and against the heirs at law.    Report made and confirmed. Cost paid."

At the conclusion of the evidence his Honor entered judgment of nonsuit, and the plaintiff excepted and appealed.

*Ward & Grimes, Ward & Thompson, Winston & Biggs for plaintiff.*

*J. Kenyon Wilson and Small, MacLean, Bragaw & Rodman for defendant Roper Lumber Company.*

*Pruden & Pruden and P. W. McMullan for individual defendants.*

ALLEN, J.    The deed from Taylor, administrator, and the judicial proceedings authorizing its execution are necessary links in the chain of title of the plaintiffs, and unless established by competent evidence the judgment of nonsuit must be affirmed.

The deed was introduced in evidence, but the judicial proceedings were not produced, the plaintiff relying on the recitals in the deed to prove their existence and contents.

It is well established that the recitals in a deed executed pursuant to a judicial decree, or by a sheriff upon an execution sale, are evidence of the facts recited, but they are only secondary evidence, and before being admitted for that purpose the loss or destruction of the original record must be clearly proven.    *Isley v. Boon,* 109 N. C., 555 ; *Person v. Roberts,* 159 N. C., 168.

The law has also fixed the standard by which the loss or destruction of the original record must be established.

In *Byrd v. Collins,* 159 N. C., 641, the Court quoted from *Avery v. Stewart,* 134 N. C., 291, and applied the rule that "If the instrument is lost, the party is required to give some evidence that such a paper once existed, though slight evidence is sufficient for this purpose, and that a *bona fide* and diligent search has been unsuccessfully made for it in the place where it was most likely to be found, if the nature of the case admits such proof.    What degree of diligence in the search is necessary it is not easy to define, as each case depends much on its peculiar circumstances ; and the question whether the loss of the instrument is sufficiently proved to admit secondary evidence of its contents is to be determined by the court and not by the jury.    But it seems that in general the party is expected to show that he has in good faith exhausted, in a reasonable degree, all the sources of information and means of discovery which the nature of the case would naturally suggest and which are accessible to him."

Applying this rule, it is manifest that the plaintiff has not met its requirements. The clerk who searched for the original papers does not say how much time he spent in the search nor that no papers can be found, but that he satisfied himself they could not be found "easily" and that he is "unable to tell whether they can be found or not."

The docket entry, standing alone, is also too meager to furnish evidence of the proceedings and the record.

It does not show whose administrator Taylor was, nor whose heirs were defendants, nor is there any reference to the land sold.

The deed to Prichard, which was objected to, is void, as contended by the defendant, because the grantee named was dead at the time of its execution (*Neal v. Nelson,* 117 N. C., 406), but upon proof of payment of the purchase price bid at the sale an equitable estate would be vested in the heirs of the purchaser, and it is well settled in this State that an action may be maintained on an equitable title (*Condry v. Cheshire,* 88 N. C., 375; *Brown v. Hutchinson,* 155 N. C., 207); and in our opinion there was circumstantial evidence of payment.

If the controversy should again be litigated it would be well to have separate findings upon the question of payment in fact and payment by presumption from lapse of time.

Affirmed.