SALLIE A. CRADDOCK v. DAVID O. BRINKLEY.

(Filed 19 February, 1919.)

1. **Judgments—Consent—Actions—Motions in Cause—Husband and Wife—Insanity.**

   An action brought by the wife to set aside a compromise judgment concerning her lands, to which the husband was a party and agreed to by him at a time she was insane and confined in an asylum, with allegation of these facts, is a direct proceeding to set aside the judgment, and not a collateral attack thereon.

2. **Judgments—Fraud—Independent Action—Motion in Cause—Court's Discretion—Same County.**

   An independent action is the proper remedy to set aside a judgment on the ground of fraud, and on any other ground it should be by motion in the cause; yet where both actions are brought in the same county the court may, in its discretion, treat the summons and complaint in the second action as a motion in the original one.

3. **Husband and Wife—Actions—Joinder—Insanity of Wife—Judgments—Consent—Principal and Agent—Statutes.**

   The joinder of the husband in an action maintainable against the wife alone, Rev., 563 (4), though unnecessary, makes the husband the agent of the wife, when she is not present in person or by attorney, for the purposes of the suit; this does not obtain if she is insane, and his consent in such case to the entry of a judgment affecting her lands is voidable, and she may thereafter move to have it set aside.

4. **Husband and Wife—Actions—Married Women—Statutes—Guardian—Next Friend.**

   It is not required that the wife, as such, prosecute or defend an action concerning her lands by guardian or next friend. Rev., sec. 407.

CRADDOCK *v.* BRINKLEY.

**5. Appeal and Error—Supreme Court—Counterclaim—Consent of Counsel—Judgments.**

> Where plaintiff's attorneys consent, in the Supreme Court, to a judgment as on a counterclaim, not pleaded or urged in the lower court, this entry may be made in the lower court when the certificate of the judgment on appeal is filed there.

BROWN, J., not sitting.

APPEAL by defendant from *Whedbee, J.,* at Special September Term, 1918, of WASHINGTON.

The plaintiff, a married woman, owned land adjoining the defendant. Prior to 1906, controversy arose as to the line of division between the two tracts and a suit was instituted in the name of herself and husband against the defendant. Summons was issued, but it does not appear that any pleadings were filed. At the time of the commencement of the suit in 1906 the plaintiff was insane. No next friend was appointed for her, and at Fall Term, 1906, of Washington, what purports to be a consent judgment was signed establishing the line, giving the defendant twenty acres of land, which the jury now find belonged to the plaintiff. The plaintiff at that time was insane and confined in an asylum, and it appears that the husband, after conference with defendant's attorney, accepted fifty dollars, in consideration of which the judgment was entered.

*Small, MacLean, Bragaw & Rodman, Meekins & McMillan, and Z. V. Norman for plaintiff.* -
*Ward & Grimes for defendant.*

CLARK, C. J. The jury find that the plaintiff was insane and confined in an insane asylum at the time the former action was instituted, and also at the time the consent judgment was entered, and that the twenty acres in controversy are her property. The defendant enters two assignments of error:

1. That this proceeding cannot be maintained because it is a collateral attack upon the former judgment, and that plaintiff's remedy is by a motion in the cause.

2. That the judgment in the former action is an estoppel on the plaintiff, and conclusive, because the action was brought in the joint name of her husband and herself, and that he was her legal representative in the action.

As to the first proposition, this is not a collateral attack, but a direct proceeding to set aside the judgment. The insanity of the plaintiff and the invalidity of the judgment for that reason are alleged, and there are

both ground and prayer to set aside the judgment, and also a demand for the recovery of the property.

It is true that when the ground alleged for setting aside the judgment is not based upon fraud, the proper remedy is by motion in the cause, but we have no distinct forms of action now, and it has been held that when a party by mistake brings an independent action when his remedy is by motion in the original cause, the court may, in its discretion, treat the summons and complaint as a motion. *Jarman v. Saunders,* 64 N. C., 367. It is true that an independent action, when brought in another county, cannot be treated as a motion in the cause (*Rosenthal v. Roberson,* 114 N. C., 594), but that does not obtain here as the proceeding is in the same county.

As to the second point, the jury having found that the plaintiff was insane, she could not be represented by her husband, since even if she had been present in person or by counsel, the judgment would have been invalid. The judgment was not void, but voidable, as between the parties (*Thomas v. Hunsucker,* 108 N. C., 724), and on the finding of the jury was properly set aside. The same would have been true as to a deed executed by her. *Odom v. Riddick,* 104 N. C., 515, and cases cited in the Anno. Ed.

Revisal, 563 (4), expressly provides that judgment may be taken against a married woman, whether plaintiff or defendant, "in the same manner as against other persons," and we would not be considered as affirming the ruling (by a divided Court) in *McLeod v. Williams,* 122 N. C., 451, in which it was held that a wife would not be bound by her assent in person in open court to a compromise judgment in an action to which she is a party defendant, but we rest our decision upon the proposition that though when she and her husband sue or are sued jointly he is ordinarily to be taken as her authorized agent when she is not present in person or by counsel. *Smith, C. J.,* in *Vick v. Pope,* 81 N. C., 22; *Neville v. Pope,* 95 N. C., 346; *Grantham v. Kennedy,* 91 N. C., 148, and cases cited thereto in the Anno. Ed. In this case the jury having found that when the writ was issued by her husband in their joint names, and also when the judgment was taken the plaintiff was insane, it follows that he could not have been authorized to assent to the judgment as her agent, and the judgment was voidable in this proceeding. It was not necessary that the husband should be joined in the action, but being joined, *prima facie* he was acting as her agent. "In no case need she prosecute or defend by guardian or next friend." Revisal, 407.

Though there is no counterclaim set up in the answer, the plaintiff's counsel assets in this Court—to avoid the necessity of another action—that judgment may be taken against her for the fifty dollars paid her

husband by defendant in 1906, with interest thereon from date of such payment. This entry may be made in the court below when the certificate of this judgment on appeal is filed.

No error.