B. C. WALKER v. W. P. ODOM, SHERIFF.

(Filed 8 June, 1923.)

1. **Actions—Motion in the Original Cause—Independent Actions—Sheriffs —Amercement—Statutes—Courts.**

The court may not regard an independent action as a motion in the original cause when the latter is not before it; and where the sheriff is liable for the penalty prescribed by C. S., 3936, for failure to serve a warrant in an action before a justice of the peace, and the plaintiff brings an independent action for the recovery of the penalty before another justice, from whose judgment the defendant has appealed, and a trial *de novo* had in the Superior Court, it is error for the trial judge to regard the summons and complaint in the independent action (C. S., 4396) as a motion in the cause under said section 3936, and proceed with the trial accordingly. The question as to whether the action could be maintained as an independent one under the provisions of C. S., 4396, is not before the Supreme Court on this appeal.

2. **Statutes — Penalties — Methods for Enforcement—Sheriffs—Amercement.**

The method by which a sheriff may be amerced for unlawfully failing to execute a warrant it was his duty to serve, as prescribed by C. S., 3936, is alone to be followed in an action for the penalty brought thereunder.

APPEAL by defendant from *Shaw, J.,* at November Term, 1922, of CHEROKEE.

Civil action against the sheriff of Cherokee County, tried upon the following issues:

"1. Did the defendant negligently fail to execute the warrant delivered to him by the plaintiff, as alleged in the complaint? Answer: 'Yes.'

"2. What sum, as penalty, is plaintiff entitled to recover? Answer: '$100.'"

Judgment on the verdict in favor of plaintiff. Defendant appealed.

*No counsel for plaintiff.*
*J. D. Malonee and Moody & Moody for defendant.*

STACY, J. This was a civil action brought before a justice of the peace against the sheriff of Cherokee County to ·recover a penalty of $100 for failing and neglecting to serve and to return a warrant, to him lawfully tendered or delivered, and which it was his· duty to execute. The case was tried *de novo* on appeal to the Superior Court. The warrant, which it is alleged the defendant negligently failed to execute, was sworn out by the plaintiff before P. E. Nelson, a justice of the peace, for the arrest of one Ernest King. The present suit was instituted by the plaintiff before T. N. Bates, another justice of the peace of Cherokee County.

The only question presented for our decision is whether the plaintiff should have proceeded by a motion in the original cause, as provided by C. S., 3936, or by an independent action, as authorized by C. S., 4396, when there has been a violation of said statute. His Honor held that the defendant was not liable for failing "to return" said warrant under C. S., 4396, but that he was liable for negligently failing "to execute" the same under C. S., 3936. In permitting the plaintiff to proceed under this latter section, the court, in its discretion, treated the summons and complaint as a motion in the original cause. This he would have been authorized to do under our decisions had the original cause reached the Superior Court of Cherokee County. *Craddock v. Brinkley,* 177 N. C., 127; *Jarman v. Saunders,* 64 N. C., 367. But it has been held with us that an independent action may not be treated as a motion in the original cause when brought in another county (*Rosenthal v. Roberson,* 114 N. C., 594); and we apprehend the same ruling should apply in a case like the present, where the original action never reached the Superior Court and the instant suit was started before a different justice of the peace.

A nonsuit having been entered on the cause of action, brought under C. S., 4396, for refusal or neglect to return the warrant, the court was without authority to treat the summons and complaint as a motion in the original cause, wherein the defendant was liable to be amerced for negligently failing to execute said warrant under C. S., 3936, because the original cause of action and the present suit were never in the same court. Jurisdiction cannot be sustained where it requires a jumping from one court to another. The statute not only authorizes an amercement, but it also prescribes ·the method by which it is to be laid; and the rule of law is that whenever a statute does this no other method of enforcement is to be pursued than the one prescribed. *S. v. Snuggs,* 85 N. C., 542.

The action of his Honor in directing a nonsuit on the cause of action brought under C. S., 4396, for failing "to return" the warrant is not before us for review, as the plaintiff has not appealed.

From the foregoing, it follows that there was error in proceeding further after the nonsuit as above indicated.

Reversed.