MRS. WILLIE E. WALSTON AND HUSBAND, CHARLIE WALSTON, v. W. H. APPLEWHITE & COMPANY.

(Filed 25 March, 1953.)

**1. Execution § 23½—**

The failure of the sheriff to serve a copy of the advertisement of sale upon the judgment debtor ten days before the sale, G.S. 1-339.54, entitles the judgment debtor to set aside the sheriff's deed to the purchaser in a direct proceeding or by motion in the cause, provided the land is purchased at the execution sale by the judgment creditor or his attorney, or any other person affected with notice of the irregularity, although it is not ground to set aside the sale if the property is purchased at the sale by a stranger to the proceeding.

**2. Same—**

Evidence that title to the property was in one of plaintiffs, that it was sold under execution and bought in by the judgment creditor, together with her testimony that she was not served with copy of advertisement as required by G.S. 1-339.54, is sufficient to overrule nonsuit in her action against the creditor to set aside the sheriff's deed.

**3. Same—**

While recitals in the sheriff's deed pursuant to execution sale are *prima facie* correct, they are secondary evidence only, and before being admitted in evidence for this purpose the loss or destruction of the original record or records involved in the controversy must be clearly proven.

**4. Adverse Possession § 13g: Estates § 9g—**

Ordinarily the statute of limitations does not begin to run against the rights of a remainderman to maintain an action to recover possession of the land until the expiration of the life estate, but the remainderman is not required to wait until after the expiration of the life estate to bring an action to quiet title or otherwise protect his interest.

**5. Execution § 23½—**

While gross inadequacy of the purchase price is not alone sufficient to upset an execution sale, when coupled with any other inequitable element, it may be considered by a court of equity upon the issue.

APPEAL by plaintiffs from *Stevens, J.,* August-September Term, 1952, of WAYNE.

This is a direct action instituted on 20 April, 1951, to set aside a deed executed by the Sheriff of Wayne County, North Carolina, to W. H.

Applewhite Company, Inc. (hereinafter called Applewhite & Company), on 8 June, 1931. The pertinent parts of the allegations of the complaint, answer, and the evidence offered below, necessary to an understanding of the questions involved in this appeal, are set forth below.

1. It is alleged in the complaint that Mrs. Willie E. Walston is the owner in fee and subject to the right of dower of Mrs. Jeanette Coley (now Mrs. Jeanette Day and hereinafter so called), is entitled to the possession of a certain tract of land in Wayne County, described in the complaint by metes and bounds, containing 30.1 acres. It is also alleged that the plaintiff Charles Walston (designated as Charlie Walston in the title of the action), is the owner in fee and entitled to the possession of a certain tract of land in Wayne County, described in the complaint by metes and bounds, and containing 5.9 acres.

2. That, on 12 June, 1931, the defendant caused to be filed and recorded in the office of the Register of Deeds of Wayne County, a paper writing purporting to convey the remainder interest of the plaintiffs in the tracts of land referred to herein, subject to the life estate of Mrs. Jeanette Day, the mother of Mrs. Willie E. Walston.

3. That the aforesaid paper writing purporting to be a deed is void and should be canceled of record as provided in G.S. 41-10, for that:

(a) The grantee in the purported deed, to wit: the defendant Applewhite & Company, was the judgment creditor of Mrs. Willie E. Walston; and the purchaser at the execution sale, under an execution issued on said judgment.

(b) The judgment was rendered on 2 February, 1925; execution thereon was issued on 27 April, 1931, and was returnable by its terms prior to 8 June, 1931; the purported sale under the execution was had on 1 June, 1931, and the above paper writing purporting to be a deed, was executed without authority of law.

(c) On information and belief, the plaintiffs allege the Notice of Sale under execution was not published as required by statute.

(d) Although these plaintiffs lived a short distance from the lands in controversy, and although their address was well known, neither the Sheriff of Wayne County, nor any other person, mailed to or served on the plaintiffs a copy of the advertisement relating to the sale of the real estate of the plaintiffs, as provided by G.S. 1-330 (now G.S. 1-339.54).

(e) Although the interest of the plaintiffs in the lands referred to herein, at the time of the purported sale, was reasonably worth $5,000, the plaintiff in that proceeding (who is now defendant in this proceeding) purchased both tracts of land for the sum of $250.00.

(f) By reason of the outstanding allotment of dower of Mrs. Jeanette Day, which outstanding dower has not fallen in, the plaintiffs did not

discover either the issuing of the execution or the purported sale of the property until March, 1951.

The defendant filed an answer in which it denies that the plaintiffs own any interest in the lands in controversy pleading its ownership by virtue of the execution sale referred to in the complaint, and the Sheriff's deed executed pursuant thereto, to it as grantee, as the last and highest bidder for the property at said sale in the sum of $250.00. It alleges that the defendant Applewhite & Company secured the judgment referred to herein on 2 February, 1925, against Willie E. Walston, in the sum of $1,099.26, with interest thereon from 24 November, 1924, until paid; that said judgment was duly docketed in the office of the Clerk of the Superior Court of Wayne County; that writ of execution was issued thereon while said judgment was in full force and effect and that the said sale was in all respects valid.

The defendant also alleges in its answer that it has been in possession of the tract of land claimed by plaintiff Charles Walston, under known and visible lines and boundaries and under colorable title for more than seven years next preceding the commencement of this action, and pleads such possession under color of title in bar of plaintiffs' right to recover. Defendant likewise alleges that it has been in possession of the tract of land claimed by the plaintiff Mrs. Willie E. Walston, subject to the right of dower of Mrs. Jeanette Day, under known and visible lines and boundaries, and under colorable title for more than seven years next preceding the commencement of this action, and expressly pleads such possession in bar of plaintiffs' right to recover. The defendant also pleads the three, seven, and ten year statutes of limitation in bar of any recovery by either plaintiff.

The plaintiffs offered evidence tending to show title to the 30.1 acres of land claimed by Mrs. Willie E. Walston, subject to the outstanding dower interest therein of Mrs. Jeanette Day, as alleged in the complaint; and of a fee simple title in Charles Walston of the 5.9 acre tract of land as alleged in the complaint.

The plaintiffs offered in evidence for the purpose of attack, the deed from the Sheriff of Wayne County to the defendant. They offered in evidence the Judgment Docket, Book 14, at page 107, which discloses that Applewhite & Company obtained a judgment against Willie E. Walston, 2 February, 1925, for $1,099.26, etc. There appears in connection with this docket entry the following statement: "Upon payment of same it shall be cancelled together with Judgt. #1835 vs C. Walston." There likewise appears on this docket the following entry: "Execution issued April 27, 1931 (due no fee advanced by Clerk)." The plaintiffs likewise introduced in evidence Judgment Docket 14, at page 53, #1835, which discloses that a judgment was obtained by the defendant Applewhite &

Company against Charles Walston at the August Term, 1924, for $1,277.86, etc. There is no entry on this docket showing that execution has been issued on this judgment.

The plaintiffs also introduced in evidence certain leases which disclose that since 1 January, 1939, the defendant has been leasing both of the tracts of land described in the complaint from Mrs. Jeanette Day, and each of these instruments contain the following statement: "It is understood and agreed that the said Jeanette F. Day is the owner of a life estate only in said lands."

Mrs. Willie E. Walston testified: "I did not know of the issuance of an execution against me and my property. No execution was ever served on me. No copy of a Notice of Sale and no Notice of any intent to sell the land in June, 1931, was mailed to me or served on me. The first time that I knew that W. H. Applewhite & Company purported to have a deed to my . . . interest in my father's land was the past March going on two years"; that she and her husband moved to Pitt County in January, 1931; she left a forwarding address at the post office and received her mail regularly thereafter at Fountain, N. C. This witness further testified that after the institution of this action her husband had a stroke and is unable to testify.

Evidence was offered tending to show that the tracts of land involved in this action were worth from $4,500 to $6,000 in 1931.

At the close of the plaintiffs' evidence, the defendant moved for judgment as of nonsuit and the motion was allowed. The plaintiffs appeal and assign error.

*J. Faison Thomson & Son and J. Russell Kirby for plaintiffs, appellants.*

*Bland & Bland and Paul B. Edmundson for defendant, appellee.*

DENNY, J. We have set out the pleadings and the evidence rather fully in our statement of facts for the reason we are unable to reconcile them with certain contentions argued in the respective briefs.

It will be observed that the plaintiffs do not allege in their complaint that the 5.9 acre tract of land, which they allege is owned in fee by Charles Walston, is subject to the dower of Mrs. Jeanette Day. Yet in their brief they do so contend. On the other hand, the defendant contends in its brief, that Charles Walston's tract of land is not subject to the dower of Mrs. Jeanette Day, and alleges in its answer that it has been in possession of this tract of land under color of title for more than seven years next preceding the commencement of this action. Furthermore, the defendant alleges in its answer that it obtained the judgment against Mrs. Willie E. Walston, as set forth in the statement of facts herein, and caused

execution to be issued thereon, and at the execution sale became the purchaser of the land. But the answer does not allege the existence of any judgment or the issuance of an execution which would authorize the sale of the real estate of Charles Walston. However, the defendant in its answer does set out certain recitals contained in the deed from the Sheriff of Wayne County to the defendant and among them appears this statement: "That whereas a certain writ of execution issued out of the Superior Court of Wayne County in favor of W. H. Applewhite Company, Inc., plaintiff and against Willie Etta Walston and Charlie Walston, was to the Sheriff directed," etc.

Even so, the Judgment Docket, introduced in evidence, where the defendant's judgment against Charles Walston was docketed at the August Term, 1924, of the Superior Court of Wayne County, does not show that execution was issued thereon at the time the execution was issued on the judgment against his wife, Willie E. Walston, or at any other time.

Moreover, as to whether the Charles Walston 5.9 acre tract of land is subject to the dower of Mrs. Jeanette Day, it seems the parties themselves are uncertain as to the status of the land in this respect. But, there can be no doubt as to the conduct of the defendant in dealing with the property. According to the evidence, the defendant has occupied both tracts of land involved in this controversy since 1 January, 1939, under leases from Mrs. Jeanette Day, the life tenant. And in order to get possession of these tracts of land, so long as Mrs. Jeanette Day lives, it would appear to be necessary, if the defendant wanted possession, to lease the property from her since the Sheriff's deed to the defendant expressly states that it conveys "all the estate, right, title and interest of the said Willie Etta Walston and Charlie Walston, Judgment Debtors . . ., the same being a remainder interest in fee after the life estate of the mother of Willie Etta Walston, whereof they were seized or possessed on the date of docketing of said Judgment (not judgments) in said County, . . ."

Therefore, the question we must decide is whether the court below, in light of the plaintiffs' allegations and evidence in support thereof, committed error in sustaining the defendant's motion for judgment as of nonsuit.

The plaintiffs offered sufficient evidence to establish title to the 30.1 acre tract of land in Mrs. Willie E. Walston, subject to the dower of her mother, Mrs. Jeanette Day; and to a fee simple title to the 5.9 acre tract in Charles Walston, and that they are the owners thereof as alleged, unless the title thereto has been divested by the execution sale referred to herein.

Mrs. Walston, one of the plaintiffs, testified that the Sheriff of Wayne County did not serve on her a copy of so much of the advertisement as related to the real property of the plaintiffs herein, and that she did not

receive a copy of such advertisement through the mail before the purported execution sale on 1 June, 1931, as required by G.S. 1-330 (now G.S. 1-339.54). This evidence is admissible and sufficient to carry the case to the jury on the question of notice. It was not controverted in the trial below by an official return made by a sheriff, as was the case in *Commissioners v. Spencer,* 174 N.C. 36, 93 S.E. 435, and similar cases cited by the appellee.

In *Williams v. Dunn,* 163 N.C. 206, 79 S.E. 512, *Walker, J.,* in speaking for the Court on the identical question now before us, said: "The law requires a sheriff to advertise a sale under execution and to serve a copy of the advertisement upon the defendant ten days before the sale. Revisal, secs. 641, 642 (now G.S. 1-339.54). A failure to comply with this provision of the statute, which is directory, will not render the sale void as against a stranger without notice of the irregularity, nor can it be assailed collaterally, but in such a case the defendant may, on motion, or by direct proceeding, have the sale vacated." *Bank v. Gardner,* 218 N.C. 584, 11 S.E. 2d 872.

If the purchaser at an execution sale is a stranger to the proceeding, he is not bound to look further than to see that the one selling the property is an officer, and that he is empowered to do so under an execution issued by a court of competent jurisdiction. *Oxley v. Mizle,* 7 N.C. 250; *Mordecai v. Speight,* 14 N.C. 428; *McEntire v. Durham,* 29 N.C. 151; *Burton v. Spiers,* 92 N.C. 503; *Williams v. Dunn, supra; Phillips v. Hyatt,* 167 N.C. 570, 83 S.E. 804. But this rule does not apply where the purchaser at the execution sale is the judgment creditor, or his attorney, or any other person affected with notice of an irregularity. In such case, the sale may be set aside at the instance of the defendant in the execution, by a direct proceeding brought for that purpose in the county where the judgment was obtained, or by motion in the cause. *Burton v. Spiers, supra; Rosenthal v. Roberson,* 114 N.C. 594, 19 S.E. 667; *Crockett v. Bray,* 151 N.C. 615, 66 S.E. 666; *Williams v. Dunn, supra; Craddock v. Brinkley,* 177 N.C. 125, 98 S.E. 280; *Walker v. Odom,* 185 N.C. 557, 118 S.E. 2; McIntosh, North Carolina Practice and Procedure, section 991, page 1122. This last cited authority in section 734, page 852, says: "If the plaintiff in the judgment is the purchaser, and his title is questioned, he should show a proper judgment and execution under which he acquired title, while a stranger to the judgment is required to show only the execution. . . . The execution issues from the court and should be found there, or some entry of record, showing its issue and return."

It is the rule with us that the recitals in a deed executed by a sheriff pursuant to an execution sale, are *prima facie* correct, but they are secondary evidence only and before being admitted for that purpose the loss or destruction of the original record or records involved in the contro-

versy, must be clearly proven. *Bd. of Education v. Gallop,* 227 N.C. 599, 44 S.E. 2d 44; *Thompson v. Lumber Co.,* 168 N.C. 226, 84 S.E. 289; *Person v. Roberts,* 159 N.C. 168, 74 S.E. 322; *Isley v. Boon,* 109 N.C. 555, 13 S.E. 795. *Cf. Powell v. Turpin,* 224 N.C. 67, 29 S.E. 2d 26, and *Jones v. Percy, ante,* 239.

Ordinarily the statute of limitations does not begin to run against the rights of a remainderman to maintain an action to recover possession of the land until after the expiration of the life estate. *Narran v. Musgrave,* 236 N.C. 388, 73 S.E. 2d 6; *Caskey v. West,* 210 N.C. 240, 186 S.E. 324; *Eason v. Spence,* 232 N.C. 579, 61 S.E. 2d 717. However, such remainderman is not required to wait until after the expiration of the life estate to bring an action to quiet title or otherwise protect his interest. *Harris v. Bennett,* 160 N.C. 339, 76 S.E. 217; *Loven v. Roper,* 178 N.C. 581, 101 S.E. 263; *Narron v. Musgrave, supra.*

In the instant case, whether the statute of limitations began to run against Charles Walston in 1931, will depend primarily on whether or not his land is subject to the dower of Mrs. Jeanette Day, and the sale on 1 June, 1931, as to him, *was made under proper and valid execution, after due advertisement and notice as provided by law.*

It would seem, in light of the evidence offered in the trial below, with respect to the value of the plaintiffs' property in 1931, that the consideration paid by the defendants was inadequate under the then prevailing economic conditions. But inadequacy in price alone is not sufficient to avoid a sale. "But gross inadequacy of consideration, when coupled with any other inequitable element, even though neither, standing alone, may be sufficient for the purpose, will induce a court of equity to interpose and do justice between the parties." *Weir v. Weir,* 196 N.C. 268, 145 S.E. 281.

Applying the principles of law set forth herein and the authorities cited, in our opinion, the court below committed error in sustaining the motion for judgment as of nonsuit.

The parties may desire to recast their pleadings in certain respects before entering upon another trial. That, however, is a matter for them and their counsel to decide.

The judgment below is

Reversed.