Thomas Buncombe went into actual possession of that part of the land in dispute, possessed by this father at his death, and died in possession, intestate and without issue. After Thomas Buncombe's death, on 23 November, 1793, a division of the lands of Thomas Buncombe was made between Elizabeth and Hester aforesaid, the former, at that time, the wife of John Goelet, and the latter the wife of John Clark, which division was made by an order of the county court of pleas and quarter sessions for the county of Tyrrell, at October Term, 1793. The surveyor and five freeholders, appointed to divide the aforesaid land, returned the said division at January Term, 1794, of Tyrrell County Court, which was approved of by said court and ordered to be registered, which was done, agreeably to said order, on 2 April, 1794, all which appears upon said division as above stated. The defendant James Jones is the tenant in possession under the heirs of the above John Clark and Hester, his wife, which heirs set up title to the land in dispute under the above last will and testament of Edward Buncombe, and the above division, as color of title; and as to that part of the land in dispute which Edward Buncombe died actually seized and possessed of, the possession of the same has been transmitted to said heirs, uninterrupted, as above stated, from the death of Edward Buncombe to this time. As to the other part in dispute, the same has remained in the actual adverse possession of the said John Clark and his wife, and their heirs as above, from 23 November, 1793, the date of the above division, to this time. The above possession of the defendants extends up to the line made by the above commissioners, which line includes the land in dispute. (146) *Page 116 
1. Is not the lessor of the plaintiff bound to prove the land mentioned in his grant to be confiscated as described in his grant?
2. If the lessor of the plaintiff should not be bound to prove the land confiscated, as described in his grant, does the said grant convey in itself absolute title, or color of title?
3. Is the above last will and testament of Edward Buncombe, and the above division, or either of them, color of title, no petition for partition having been exhibited on the above trial?
Upon the first question submitted to the Court in this case, a majority are of opinion that the lessor of the plaintiff is bound to prove the land to have been confiscated; and, consequently, that a new trial ought to be granted.
Entries could be made of such lands only, under the authority of the act of 1777, as had not been granted by the Crown of Great Britain, or the Lords Proprietors, before 4 July, 1776, or which accrue to the State by treaty or compact.
The land now claimed was not the subject of entry under this law, because it had been granted previously, either by the Crown of Great Britain or the Lords Proprietors, as appears from the grant itself.
But by the confiscation law of 1782 the Governor is authorized to issue grants to the purchasers of confiscated lands, upon the return of certain proceedings being made to him. The grant states the land to have been sold as the confiscated property of Governor White, but no proof has been adduced that it ever was so confiscated, which might easily be made if the fact were so, since the proceedings required by the act must have been returned to the Governor previous to his issuing the grant.
The seizin of Governor White could not be divested out of him and vested in the State without office found, or some matter of record. This is a principle of the common law so clear as to require no (147) authority, and so conformable to the principles of our Government as to merit quite as much respect as it receives in England, where it is considered as one of the principal barriers placed around the liberty of the subject, that the King cannot seize any man's possessions upon bare surmise without the intervention of a jury.
Vacant lands the State may grant, and a title so derived in the common form would, in this Court, be deemed conclusive. But when the plaintiff, who must rely upon the strength of his own title, and not on the weakness of the defendant's, shows that the lands were not vacant, he must trace his title still higher than the grant, and prove the authority on which it issued.
NOTE. — See S. c., but not so fully reported, in 6 N.C. 52. *Page 117