RtjeeiN, 'Chief-Justice.
 

 The counsel for the appellant has made several points, of which, that principally relied on is, that the Judge of the Superior Court erred in holding, that under the act of 1791, a possession of twenty-one years with color of title under known and visible boundaries, constitutes a valid title, and that no evidence tending to rebut the presumption that a grant had in fact issued, can defeat such title.
 

 The act is entitled,
 
 “
 
 an act for quieting ancient titles and limiting the claim of the State and its enacting words are, that such possessions shall be a legal bar against
 
 “
 
 the entry of any person under the right or claim of the State to all intents and purposes.” Stronger or more precise language could not be used to take away the right of entry of all persons but the possessor and thereby to confirm his. The act is plainly upon its face a statute of limitations, to operate against the sovereign. It was not intended to prescribe a rule of evidence, from which presumptions of fact were to be made by the court or jury. None was necessary, for before the act a grant might be presumed as well as any other deed.- It is true that in the preamble., the necessity
 
 *235
 
 for passing tbe act is stated to arise from the loss of
 
 grants,
 
 and therefore the act rests upon a presumption that a grant has issued. But that does not change the nature nor the effect of the enactments. Similar presumptions are the grounds of all statutes of limitation. They are not presumptions which are to be deduced under the law, but have been already drawn by the legislators and produce the law which prescribes a positive rule to the judicial tribunals, without reference to the actual presumptions they might form in each particular case. The anonymous case in 1
 
 May. Rep.
 
 466 was cited for the defendant, but it does not support. the. argument. What is there said is true in reference to tliequestion then before the court. It was a
 
 caveat
 
 of an entry, in
 
 which the
 
 caveator relied on a possession of 21 years. A
 
 caveat
 
 implies that the land is vacant; and the contest is, which of the parties shall have the grant, which both of them admit that one or the other of- them must have. (A.
 
 A. 1777, c. 114, 1779, c.
 
 140.
 
 McNeill
 
 v.
 
 Lewis N. C. T. R.
 
 80.) It is absurd to say that one is entitled to a grant now, because he already has a legal title. The case only decides, that if the caveator had a a title, either by grant shown or presumption of a grant, it was not competent for him to prove it, because in that very proceeding he admits as it were of record, that he had not a legal title.
 

 The anonymous
 
 XeGandM’JvJüi v. Lewis,-jv. c.
 
 ^¿proved by Rrarur, c.
 
 j.
 

 p^thatthefand is vacant, and the ^ftibepaítíeTah^l have the grant, '
 

 was to give that protection to in-the State, which gamst each other;. ^nd^poTeíion a positive bar-
 
 ^ndoipilwjVoZ man, jv.
 
 c.
 
 t. southard,
 
 
 *236
 

 Hawks,
 
 45, and
 
 jT)en clem. Rhem
 
 188, cited and approved.
 

 
 *235
 
 The character of the act of ’91 is not however now to be declared for the first time. In
 
 den
 
 on dem. of
 
 Fitz Randolph v. Norman, N.
 
 C. T.
 
 R.
 
 131, Chief-Justice T avion said, the design of it was to give that protection to individuals against the State, which the act of 1715 had afforded them against each other: in other words to render possession a positive bar. In
 
 den on dem. Tate
 
 v.
 
 Southard,
 
 (1
 
 Hawks 45,
 
 Chief-Justice Henderson said, if it be necessary, when one brings himself within the act of ’91, to presume a grant, it is a-legal presumption which cannot be contradicted ; and a verdict which in such case expressly finds that a grant did not in fact issue, would, as to that part of the finding, he disregarded. In
 
 den on dem. Rhem
 
 v.
 
 Jackson,
 
 
 *236
 
 (2 Dev. 188,) lie again remarks, that the possession of 21 years is substituted by the act for the grant itself.— The court is of opinion, that the Superior Court did not err jn flie istructions given on this point. The effect of the grants to other persons and the possessions under if there were such possessions, continued for seven years, could do no more than defeat the title 0f tjie plaintiff to the lands covered by those grants, in the same manner as if the plaintiff made title by patent to the whole tract.
 

 A new trial
 
 mü
 
 not be grant-opinion 10of the Court below— appears to this Court not to af-
 
 fact
 
 tiro rights Of the portico.
 

 The appellant’s counsel has made no objection, in reference to the foregoing point, to the rules laid down by the Judge as to the extent of the plaintiff’s possession, resulting from an actual occupation of part of the land. The record however, states an opinion of the Judge upon that, subject, in which this court does not concur, and which seems to be so obviously erroneous as to induce the belief that
 
 there is
 
 an inaccuracy in the transcript. The observation is that the plaintiff’s possession of a part was the possession of the whole tract covered by the d.eed “ except so far as
 
 “
 
 the defendant or any other person had a paper title for a
 
 “
 
 part of his land accompanied by a seven years continued
 
 “
 
 possession.” Nowit is true, that the plaintiff’s titleafter being matured by a possession
 
 of 21
 
 years, might
 
 be
 
 defeated as to a part of theland by an ad verse possession of that part for seven years under color of title, and by that means only. But his possession of the whole in virtue of his actual possession of partis true only so long asno other is in the actual possession of any part. As soon as another takes possession of any part, either with or without a paper title, the plaintiff loses the possession of ¿hat part. For this error, could it affect the rights of the parties, the judgment would be reversed, if the case ag 0f record in the Superior Court be the same as . in the transcript here. The court does .not deem it necessary to ascertain whether it he the misprision of the clerk, becanse the point is
 
 immaterial;
 
 since, in the opinion of the court, neither the defendant nor any other person was in the adverse possession of the land on which the trespass was committed.
 

 
 *237
 
 The appellant contends tbc contrary, as another point. As to that, the case is, that the plaintiff’s deed and the defendant’s grant cover the
 
 locus in quo,
 
 which is altogether woodland
 
 ;
 
 the plaintiff was actually living on another part of his tract, and made a contract with one
 
 Woodward
 
 in 1829, that the latter should mate turpentine on the land on shares, which he did as well without as within the lines of the defendant’s grant, until the spring of 1830, when the defendant claiming under a grant, issued in December 1829, ordered him off and took the turpentine that was then made; for which acts this action is brought.
 

 It is objected first, that
 
 Woodward
 
 had the actual possession at the time of the defendant’s entry, and that the plaintiff’s construcfivepossession terminated when
 
 Wood-r ward’s
 
 began. It is conceded, that a constructive possession lasts only until there is an actual possession. But it is a mistake to call the plaintiff’s a constructive possession; that is such a possession as the law carries to the owner by virtue of his title only, there being no actual occupation of any part of the land by any body. Upon a possession of that sort, the statute of limitations Can never operate. But when the owner is actually possessed, by residence for instance, of part of a tract of land, he is actually possessed of the whole that his deed covers, whether within his inclosures or not, unless another cither actually occupies adversely a part, and thereby destroys the first possession as to that part; or unless part of the land be covered by deeds, and neither claimant be seated on that part, but each is on other portions of their respective tracts, in which case the actual possession of what is within both deeds is adjudged in him who has the title. The possession of the plaintiff was therefore actual in the
 
 locus in quo,
 
 at the time
 
 Woodward
 
 came upon the land. Nor did it cease, when he did come.
 
 Woodward
 
 had no possession in exclusion of the plaintiff, who continued to reside on his land. — - ’There was no lease, nor a right to any determinate part of the land vested in
 
 Woodward,
 
 who had at most, a license only to make turpentine from the growing trees
 
 *238
 
 on the land on which the plaintiff
 
 lived;
 
 he was a mere I*>reliiig, to bo compensated by a part of the product of his labor, and had no more interest in the soil than any 0ther servant. The present property and possession of the land were in the plaintiff; and the cases cited in the argument, are direct authorities that
 
 the
 
 plaintiff alone may maintain his action for'the entry of the defendant. As to the trespass in taking away the turpentine, it might well be field that the whole property in it was
 
 in
 
 the plaintiff; as when a planter agrees to give a part of the crop as overseer’s «wages. But the case does not require of the court to consider that question. For if ^ie PFOperty of the turpentine were in both
 
 Woodward
 
 and
 
 Graham,
 
 the judgment cannot be. reversed. The objection comes too late; for even if the paid ownership of the plaintiff appears in the declaration, it is not a S1'outl(1 for arresting the judgment, because it might have been pleaded in abatement.
 
 Addison
 
 v.
 
 Overend,
 
 (6
 
 T. R. 766.)
 
 Unless the non joinder he pleaded, the-defendant must rely on getting the damages apportioned at the trial; and if the jury did not do it, (which would be here presumed) the plaintiff, and not the defendant has ground for complaint.
 

 Where one of two joint owners
 
 aloneíntrfs/as?,
 
 advantage canon-plea in abatement eomes too'íat^af-ter the defendant ehiefí,IeadC¿l m
 

 It is objected secondly, that the case states that the defendant
 
 ousted Woodward,
 
 and “afterwards” took away the turpentine; and does not state the re-entry of the plaintiff; and therefore no action for the turpentine will now lie for the plaintiff. It is true, that for acts done after an ouster, no action lies until a re-entry, but only for the first entry. The case does not show whether or not the the turpentine was made, and had been collected by
 
 Woodward,
 
 and merely left by him on the land when he went away. In that case it was a mere personal chattel, and trespass would
 
 lie for
 
 taking it at any time, the plaintiff having a present property in it, and right of possession. But if the defendant collected it from the trees, it would be otherwise, and the plaintiff must shew a re-entry. This, the court thinks he has done. The
 
 locus in quo,
 
 was altogether- wood land, to which-the plaintiff had a good title, and o£ which he had, in our
 
 *239
 
 sense of the terms, the actual possession of apart of the larger tract on which he lived, as already shown. The defendant did no act like permanent occupation, but merely entered and carried off tiie turpentine. In England an actual re-entry upon the
 
 locus in quo,
 
 is necessary, because possession by actual occupation of the very part is requisite to main tain trespass. But here even a constructive possession suffices. In this case however, as soon as the defendant put his foot off the land, the exclusive possession vested again in the plaintiff: which • i, , , , , Ti> . , is tantamount to actual re-entry. It one cut trees on tile wood land of another, on which the latter lives, and , ,, . „ , , , ,,,. ' does this trom day to day, and nothing more is done, this is not a disseisin, but a trespass on the other’s possession ; which is actual and exclusive as the trespasser from time to time departs. The one does not gain a possession by such acts, nor the other lose it.
 

 in
 
 England,
 
 an actual reentry 011 ¡s necessary to entitle a^party to pass committed subsequent to the first ouster, bo. cause there, possession by actual occupation of the very part,is requi-t0 main£¿“ hciTT'consirac-
 
 iive
 
 possession
 

 The court does not examine the remaining point;' which is, that a naked possession by an intruder on the land of the sovereign, will not maintain trespass even against a wrongdoer ; because the opinion has already been given, that the plaintiff is not an intruder, but has gained a perfect title under or against the state. The judgment is affirmed.
 

 Per Curiam — Judgment aeeirmeb.