The plaintiffs claimed an undivided sixth interest in the land sued for, but the only evidence offered by them of such interest was the *Page 509 
judgment against S. L. Love, the levy of an execution upon his interest in said land, the sale of his interest under said execution (702) to the plaintiffs, the sheriff's deed to the plaintiffs and the deed executed to the defendant William Rhinehart on 1 May, 1886, by Margaret E. Hilliard, W. L. Hilliard, M. A. J. Branner, J. A. Branner, M.H. Love and wife, Rebecca Love, S. L. Love and wife, M. S. Love, M. M. Stringfield and W. W. Stringfield.
There was no evidence that the defendant Rhinehart, up to the date of the execution of said last-mentioned deed, namely, 1 May, 1886, recognized any interest of said S. L. Love in said land or held possession under him. Nor was there any evidence that said S. L. Love ever had an interest in said land, except so far as said deed executed by him and others to the defendant operated to estop defendant to deny that he had an interest.
The issue prepared to be submitted to the jury was as follows:
"Are the plaintiffs the owners, as tenants in common with the defendant, of an undivided sixth interest in the lands mentioned and described in the complaint, and entitled to be admitted into possession of said land as such tenants in common with the defendant?"
The court intimated an opinion that the evidence did not, if taken as true, establish title in the plaintiffs to an undivided one-sixth interest in the land.
Thereupon the plaintiffs requested the court to allow them to amend their complaint and declare for an undivided one-ninth interest in the land. The court declined to grant this motion, saying that the evidence did not show an undivided ninth interest in the plaintiffs.
Upon these intimations of the court, and its refusal to allow the amendment moved for, the plaintiffs submitted to a nonsuit, excepted to all of said rulings of the court, and appealed.
His Honor made but two rulings, and upon these the plaintiffs submitted to a nonsuit and appealed. We concur in the ruling that the plaintiffs had not shown that they owned a one-sixth interest in the land, and we are unable to see any error in the other ruling that the execution of the deed by S. L. Love, with eight others, was not in itself sufficient to show that he was the owner of one-ninth interest in the property conveyed. His Honor did not pass upon the question whether the plaintiff had acquired any interest at all in the land, and the other questions discussed are not properly before us for review.
PER CURIAM. Affirmed. *Page 510