The action is for trespass, in wrongfully cutting timber by defendants shortly before action brought, on lands alleged to belong to plaintiffs. The suit was commenced by issuing summons, 5 January, 1923, on defendants, the Towns Company, J. W. and Eli Potter, and H. C. *Page 57 
Moore, served shortly thereafter, and on 7 May, 1923, the other defendants made themselves parties, alleging ownership of lands on which the alleged cutting of timber took place.
Plaintiff offered in evidence three grants conveying the land in controversy to W. H. Herbert, issued on 18 December, 1865, and introduced mesne conveyances conveying the lands therein granted to the present plaintiff. These three grants, numbered, respectively, Nos. 2784, 2804, and 2826, covering contiguous lands, purport to corner on a chestnut at H, and are shown on the map below, as follows: 2784 as H-1-2-3-H; 2804 as H-4-5-6-H; 2826 as H-7-8-4-H.
Defendants introduced two grants, constituting a lappage on the lands claimed by plaintiff's grants:
1. No. 16634, dated 30 December, 1905, and shown on map below as A-B-C-D-E-G-H-Z-I-K-L-M-N-O, and various courses to the beginning at A.
2. Grant 7499, dated January, 1886, and shown on map as 10-9-Y-C-D-E-Q-R-10.
Defendants, admitting the cutting of trees, claimed to have acquired title by adverse possession to so much of the lands in plaintiff's boundaries, if established, as their own grants cover. The cutting of timber complained of, by defendants and their assignees, took place, as stated, a short while before action brought, and was chiefly on the lappage shown by the grant, No. 16634, and, if said cutting is established as wrongful, parties have agreed on the amount of damage. In addition to the denial of any wrong or injury, defendants, in their answer, aver their ownership of lands covered by grants Nos. 7499 and 16634, having shown mesne conveyances or descent from said grantees, and ask that the alleged claim of plaintiff be removed as a cloud on their title. The cause was submitted to the jury, and verdict rendered on the following issues:
"1. Is the plaintiff the owner of the land described in the complaint and reply, or any part thereof, and if so, what part? Answer: `Yes, with the exception south from Z to X.'
"2. Are the defendants, H. C. Moore and others, the owners of entry 417, grant 92, described in the answer? Answer: `Yes, by consent of all parties.'
"3. Are said defendants the owners of entry 2381, grant 7499, described in the answer? Answer: `Yes, all.'
"4. Are the defendants, interpleaders, the owners of entry No. 11, grant No. 81, or any part thereof; and if so, what part, as alleged in the answer? Answer: `Yes, by consent of all parties.'
"5. Are the defendants, the owners of entry 896, grant 16634, as alleged in the answer, or any part thereof; and if so, what? Answer: `Yes, all.' *Page 58 
[EDITORS' NOTE: THE MAP IS ELECTRONICALLY NON-TRANSFERRABLE.], SEE 189 N.C. 58.] *Page 59 
"6. Did the defendant J. W. Potter, doing business under the name of Towns County Lumber Company, wrongfully and unlawfully cut and remove timber from said entry 6771, as alleged in the complaint? Answer: `No.'
"7. What damage, if any, are the plaintiffs entitled to recover of the defendant J. W. Potter, doing business under the name of Towns County Lumber Company, for such wrongful cutting and removing of timber, as alleged in the complaint? Answer: `Nothing.'"
Judgment on the verdict for defendants, and plaintiff excepted and appealed, assigning errors.
The jury, by their verdict, having established the location of plaintiff's grants, bearing date in 1865 and covering the locus in quo, it is encumbent on the defendants, asserting ownership by adverse possession, and on the facts of this record, to show occupation under color of title for the requisite period, or they must establish by the greater weight of the evidence actual occupation of the land claimed, and in the assertion of ownership under known and visible lines and boundaries, adversely to all others, for twenty years next before action brought.
In regard to defendants' alleged ownership of the land covered by their grant, No. 16634, which, as we understand the record, will include the greater part of the trespass complained of, that grant bears date in 1905 and comes under our statute on the subject (C. S., 7545), in terms, as follows:
"Every entry made, and every grant issued, for any lands not authorized by this subchapter to be entered or granted, shall be void; and every grant of land made since the sixth day of March, one thousand eight hundred and ninety-three, in pursuance of the statutes regulating entries and grants, shall, if such land or any portion thereof has been heretofore granted by this State, so far as relates to any such land heretofore granted, be absolutely void for all purposes whatever, shall confer no rights upon the grantee therein or those claiming under such grantee, and shall in no case and under no circumstances constitute any color of title to any person."
Under the force and effect of this statute, therefore, this grant of defendants can afford no color of title for this claim, and defendants' ownership must be established, if at all, by actual occupation and under known and visible lines and boundaries. Speaking to the character of *Page 60 
the possession required for the maintenance of such a claim, in May v. Mfg.Co., 164 N.C. pp. 262-265, the Court, among other things, said:
"There must be actual possession, . . . some possession of a hostile character sufficiently definite and observable to apprise the true owner that his proprietary rights are being invaded, and of the extent of theadverse claim.
"Where one is in possession under color of title, having definite lines and boundaries, the calls and descriptions of the deed may be sufficient; but where there is no deed or color giving description of the property, their actual possession must be shown. It is not always required for this purpose that there should have been an enclosure or a clearing defining the full extent of the claim. As indicated by the statute, it may be sufficient to show possession, `ascertained and identified under known and visible lines and boundaries.' Revisal, sec. 380. But when it is sought to extend the effect of an adverse occupation beyond an actual inclosure or clearing and up to marked lines and boundaries, there must be some evidence tending to connect the physical occupation with the boundaries claimed, or some exclusive control and dominion over the unoccupied portion sufficiently definite and observable, as stated, to apprise the true owner of the extent of the adverse claim." Citing, among other authorities, Davis v. McArthur,78 N.C. p. 357; Wallace v. Maxwell, 32 N.C. p. 110; S. c.,29 N.C. pp. 135-137; Bynum v. Thompson, 25 N.C. p. 578; Wade v. McDougal,59 W. Va., p. 113; DeFrieze v. Quint, 94 Cal., p. 653.
The opinion then quotes from Bynum v. Thompson, supra, as follows: "It is admitted that, upon a long possession, all necessary assurances may and ought to be presumed. But the question is: What is possession for that purpose? Plainly, it must be actual possession and enjoyment. It is true, indeed, that if one enters into land under a deed or will, the entry is into the whole tract described in the conveyance, prima facie, and is so deemed in reality, unless some other person has possession of a part, either actually or by virtue of the title. But when one enters on land without any conveyance or other thing to show what he claims, how can the possession by any presumption or implication be extended beyond his occupation de facto? To allow him to say that he claims to certain boundaries beyond his occupation, and by construction to hold his possession to be commensurate with the claim, would be to hold the ouster of the owner without giving him an action therefor. One cannot thus make in himself a possession contrary to the fact." And Logan v. Fitzgerald,87 N.C. p. 314, and McLean v. Murchison, 53 N.C. p. 39, are in support of the position as stated, and many other cases to same effect could be cited. *Page 61 
Plaintiff, then, being without color or any written paper defining the extent of his claim, on careful examination of the record, we find no evidence of actual occupation under known and visible lines and boundaries by defendants sufficient to uphold or extend their claim of ownership to the line established in their favor by the jury, to wit: H-Z-I-K-L-M-N-O.
There was some evidence of adverse occupation down near the corner at H, and perhaps some other occupation on the lower part of the lappage, for twenty years and more, but if it be conceded that such occupation by defendant was within the lappage on plaintiff's grants, and this is not at all clear from the inspection of the record, there is nothing to carry their claim to the extended line asserted by them around the northern boundary by reason of the lack of any known and visible boundaries existent for twenty years enclosing or purporting to enclose the land in dispute or any tract of land in that locality.
As to the grant and survey in part relied on for that purpose, they are both of date within the twenty year period next before action brought and before the last of the defendants were made parties in May, 1923, and therefore they will not suffice.
Recognizing that this presents serious objection to the validity of their recovery, defendants endeavor to support their title by reference to the entry which was said to be of date prior to the twenty year period. We do not find that either the entry or its contents are in evidence, and this being true it cannot avail to establish the existence of visible lines and boundaries enclosing a tract of land. We all know how vague and indeterminate these entries usually are, the most of them, the reason a survey is required is to afford a description sufficiently definite to enable the State to issue a valid grant conveying the land paid for. Such entries are not void as against the State, and on payment of the price the enterer may call for his grant, but the mere existence of an entry not in evidence and with no testimony as to its contents does not constitute any muniment of title to land, nor is it sufficient to show visible lines or boundaries enclosing a tract of land and enabling a claimant to establish title beyond his actual occupation, his possessio pedis as heretofore defined. Cain v. Downing, 161 N.C. p. 593; Grayson v. English,115 N.C. p. 358; Johnston v. Shelton, 39 N.C. p. 85; Harris v. Ewing,21 N.C. p. 374.
As pertinent to this question, in Cain v. Downing, supra, it was said among other things: "It is plain that it was not intended that the entry should be so specific as entirely within itself to identify the land by its boundaries, because the same statute commands a survey to follow the entry at a short interval, and in the seventeenth section points out a means of identity to be set out in the certificate of survey. *Page 62 
The truth is that the interest of the State, as vendor, was not at all concerned in the entry's being more or less special. The quantity was alone important to her, because that regulated the price. Again, the entry has never been considered in this State as a constituent part of the legal title, and for that reason such precision in its terms is not necessary as will upon their face connect and identify the land granted with that entered. It appears to the Court, therefore, that a vague entry is not void, as against the State, but gives the enterer an equity to call for the completion of his title by the public officers. If it be not void against the State, it is a necessary consequence as we think, that it is likewise not so as against a subsequent purchaser from the State with notice. . . . We have before stated that the only purpose on which a special entry is preferred to a general and vague one is to give notice to a second enterer. If that be correct, the specific notice established in this case must supply the original defect in the entry. It is a defect which does not avoid it altogether, but only displaces it when otherwise it would prejudice the ignorant and the innocent. And this idea, that certainty in the entry is required in order to protect innocent subsequent purchasers of the land from the State, that is, junior enterers, runs through all the cases upon the subject."
On the record, therefore, and as now advised, the Court is of opinion that defendant has thus far presented no evidence to uphold his assertion of ownership beyond the portion of the land covered by plaintiff's grants, which he shows he has actually possessed for twenty years next before action brought and in a manner required to mature his title to such portion.
And in reference to the grant No. 7499, all of which has been awarded to defendants in the verdict on the third issue. That grant, as we understand the evidence, bearing date in 1886, does not come within the operation and effect of the statute heretofore discussed, C. S., 7545, and is therefore available as color of title, and possession under it in the assertion of ownership for the required period would ordinarily establish title to the outer bounds of the grant. But this principle does not always prevail when a portion of this boundary laps on a superior title. In that event, to mature a title under the junior grant, there must be shown adverse and exclusive possession of the lappage, or the law will presume possession to be in the true owner as to all that portion of the lappage not actually occupied by the junior claimant. Land Co. v. Floyd, 167 N.C. p. 686;Currie v. Gilchrist, 147 N.C. p. 648; McLean v. Smith, 106 N.C. p. 172;Boomer v. Gibbs, 114 N.C. p. 76.
On this the third issue, there was evidence on the part of defendants tending to establish open possession in the assertion of ownership for *Page 63 
the necessary period both outside and within the lappage on plaintiff's older title, but that within the lappage is not so definite as the other, and both in its nature and extent is the subject of dispute. And speaking to the question, his Honor charged the jury as follows:
"The court charges you that if the defendants under their grant 7499, entry 2381, dated 7 January, 1886, if they have satisfied you that the land covers the land in controversy set out in defendant's answer as entry 2381, grant No. 7499, and have established the corner of this land as indicated on the map as the lands described in that grant and the same as described in the answer, then it is your duty to answer the issue `Yes.'"
This instruction, in our opinion, is not in accord with the authorities cited and the principles they illustrate and approve, for his Honor here instructs the jury in effect that possession at any place under the grant 7499 would mature defendant's title to the outermost bounds of the grant, and without reference to whether it was within the lappage on plaintiff's superior title.
For the errors indicated we are of opinion that plaintiffs are entitled to a new trial of the cause and it is so ordered.
New trial.