W. F. SLEDGE v. DUNCAN MILLER, JAMES H. DAVIS, L. F. BASS SR.,
AND L. F. BASS, JR.

(Filed 28 January, 1959.)

1. Reference § 4—

In order for a plea in bar to preclude an order of reference, it is
necessary that the plea, if established, should finally determine the en-
tire controversy.

2. Same—

In an action for trespass to try title, defendant's plea of the three-
year statute as a bar to the recovery of damages for trespass and his plea
of title by adverse possession under the seven, twenty, twenty-one and
thirty year statutes, does not constitute a plea in bar precluding refer-
ence since the three-year statute would not determine the question of
title and the pleas of the other statutes raise the very questions as to
the boundaries justifying a reference under the statute. G.S. 1-189.

3. Adverse Possession § 17—

Possession for the statutory period under color or possession for the
statutory periods without color but under known and visible lines and
boundaries, vests title in the possessor.

4. Boundaries § 11—

A sketch as to the timber conveyed by defendant's predecessor in
title would not be competent as an admission against interest as to the
boundaries of the land owned by such predecessor in fee even if the
ancestor saw and approved the sketch and even though plaintiff estab-
lishes the identity of the descriptions in the timber deed and the de-
scription set out in the answer, since the fact that a person conveys
the timber on a designated tract, without more, is no evidence that the
land therein described is all the land owned by him. A fortiorari, a copy
of the original sketch made by the draftsman after the death of the
ancestor and the destruction of the original by fire, is incompetent.

5. Trespass to Try Title § 3—

In an action in trespass to try title, defendant's denial of plaintiff's
title places the burden of proof on plaintiff to establish his title by one
of the approved methods.

6. Same: Ejectment § 7—

In an action involving title to realty in which plaintiff seeks to estab-
lish title by a connected chain of title from the sovereign, the burden
is on plaintiff to show that the descriptions in each of the deeds con-
stituting a link in his chain of title cover and include the land claimed.

7. Ejectment § 10: Trespass to Try Title § 3—

It would seem that the testimony of plaintiff's witness to the effect
that the land described in the complaint was generally reputed to be
within the area covered by the description in a deed in plaintiff's chain
of title, is insufficient to require the submission of that question to the
jury when on cross-examination the witness testifies that a survey in
accordance with the description in the deed would not include the land
in controversy.

SLEDGE *v.* MILLER.

**8. Same—**

Where plaintiff, in seeking to establish his chain of title, introduces in evidence a deed executed by receivers, but fails to offer in evidence the judgment roll to establish that the persons named as receivers were in fact receivers and had authority to convey, there is a break in the chain of title, and nonsuit is proper, since the recitals in the deed do not establish as against strangers the facts therein recited. The same rule applies as to a deed executed by commissioners without proof of authority in the commissioners to execute the instrument.

**9. Adverse Possession §§ 2, 4—**

Where both parties claim by adverse possession of the *locus in quo*, if the title of one of them had matured prior to the other, the title acquired by the first is the older title, and the law would presume that thereafter his possession was rightful, and the possession of the other under color, without physical possession of any of the land within the claim of the first, would not be constructively extended to cover any of the land within the claim of the first.

**10. Appeal and Error § 45—**

Where it is judicially determined that plaintiff was not the owner of the land in controversy, the refusal to submit an issue as to damages resulting from defendant's asserted trespass cannot be prejudicial.

APPEAL by plaintiff from *McKinnon, J.,* April 1958, Term of BRUNSWICK.

The primary purpose of this action is to determine ownership of a tract of land in Brunswick County. The complaint alleges plaintiff is the owner of a part of Green Bay Swamp. The part claimed is described by course and distance and is asserted to contain 1720 acres. The complaint alleges trespass by defendant, cutting and removal of merchantable timber to the amount of $1,000. Plaintiff prays that he be adjudged the owner, that defendants be enjoined from trespassing, and that he recover damages for the timber cut.

Defendants answered and denied plaintiff owned the land described in the complaint or trespass on plaintiff's land, and, as an additional defense to the asserted trespass, pleaded the three-year statute of limitations. For affirmative relief they alleged they were the owners in fee of a parcel of land therein specifically described. They alleged they have been in possession of that land for (a) more than seven years under color of title, (b) more than twenty years under known and visible boundaries, (c) more than twenty-one years under color of title, and (d) more than thirty years under known and visible boundaries. They plead such possession and the seven, twenty, twenty-one, and thirty year statutes of limitations to vest title in them and to defeat plaintiff's claim of ownership.

At the April 1955 Term, Judge Frizzelle entered an order of reference reciting: "this action should be referred because it involves complicated questions including the location of boundary lines, the determination of possible lappage, facts regarding adverse possession and other issues, and likely will require a personal view of the premises." Plaintiff excepted to the order of reference.

The referee, after hearings, found that defendants had possessed the land described in the answer for more than thirty years. He concluded they were the owners thereof and so reported. He made no findings with respect to the remainder of the land described in the complaint nor did he make any findings with respect to the asserted trespass. Plaintiff excepted to the finding that defendants had possessed the land for sufficient time to mature their title. He tendered an issue as to the ownership of the land described in the answer and an issue as to damages for timber cut. Judge Fountain remanded the cause to the referee to make findings with respect to the land described in the complaint which lies outside of the boundaries claimed by defendants. The referee supplemented his report, finding plaintiff was the owner of that portion. Plaintiff did not file further exceptions or again tender issues.

Issues were submitted to determine ownership, but not as to damages. The jury responded to the issues of ownership to the same effect as found by the referee. Judgment was entered on the verdict and plaintiff appealed.

*E. J. Prevatte and Kirby Sullivan for plaintiff, appellant.*
*Carter & Murchison for defendant appellees.*

Rodman, J.  Plaintiff's first assignment of error is directed to the order of reference. He contends that defendants' pleas of the statutes of limitations were pleas in bar and until disposed of, a reference was improper.

True, no reference should be ordered when there is a plea in bar which when determined will completely dispose of the controversy; but unless the plea is sufficient, when established, to finally settle the entire controversy, it constitutes no basis for refusing to refer. *Solon Lodge v. Ionic Lodge,* 245 N.C. 281, 95 S.E. 2d 921; *Grimes v. Beaufort County,* 218 N.C. 164, 10 S.E. 2d 640; *Brown v. Clement Co.,* 217 N.C. 47, 6 S.E. 2d 842. Manifestly the plea of the three-year statute to defeat a recovery for the asserted trespass would not dispose of the controversy. No proper inquiry could be made with respect to trespass until the question of ownership had been determined.

The asserted possession for the several periods of time referred to

15 — 249

in the answer constituted defendants' several sources of title. Possession for the statutory period under color vested title in defendants. Possession for the statutory period, without color, but under known and visible lines and boundaries gave defendants good title. *Trust Co. v. Miller*, 243 N.C. 1, 89 S.E. 2d 765; *Powell v. Mills*, 237 N.C. 582, 75 S.E. 2d 759; *Martin v. Bundy*, 212 N.C. 437, 193 S.E. 831; *Berry v. Coppersmith*, 212 N.C. 50, 193 S.E. 3; *Johnson v. Fry*, 195 N.C. 832, 143 S.E. 857; *Christenbury v. King*, 85 N.C. 229; *Graham v. Houston*, 15 N.C. 232.

It was the location of the boundaries called for in the deed or other instruments constituting defendants' color of title or the location of the "known and visible lines and boundaries" marking defendants' possession which formed the basis for the reference. These were the complicated questions of boundary referred to in the statute, G.S. 1-189. To defer a reference until these questions were determined would remove the necessity for a reference. Accepting plaintiff's interpretation of the statute, reference would be permissible when a complicated question of boundary arose between two property owners, each of whom claimed under connected paper title; but if one of the parties asserted title by adverse possession, reference would be improper, no matter how complicated the boundary question. The question has heretofore been settled contrary to plaintiff's contention. *Fibre Co. v. Lee*, 216 N.C. 244, 4 S.E. 2d 449.

Plaintiff assigns as error the refusal of the court to permit plaintiff to offer as substantive evidence a map or sketch which he asserts shows the location of defendants' land as pointed out by their ancestor in title. Admissions or declarations against interest by a person in possession are competent against him and those claiming under him. Defendants do not controvert the soundness of this principle. They merely deny its application to the factual situation here presented. The evidence for plaintiff coming from his witness Brown was to the effect that W. D. Andrews, ancestor in title of defendants, had made a deed conveying the timber on a portion of his land. Brown testified: "When I went to see Mr. Andrews I carried the timber deed mentioned. That's all I had relating to this land. I did not have Mr. Andrews' deed with me where he bought the land. I went down there and asked him about this timber deed. . . . I asked him about the description in that timber deed. That's what he showed me. I read the timber deed to him. That's all I talked to him about that was my business there." Brown then testified that he made a sketch on the back of the timber deed showing the location of the land pointed out by Andrews as the land described in that deed. The record is not clear as to whether Andrews saw the sketch made by Brown, but, if it be

conceded that Andrews did see and approve Brown's sketch, that fact would not be an admission that the sketch made of the land described in the timber deed was likewise a map of the land described in the answer. The identity of the two descriptions should be shown. Certainly the fact that one conveys the timber on a designated tract is, without words to that effect, no evidence that the land there described is all the land grantor owned.

Apparently Brown's original sketch was destroyed by fire, and plaintiff on the trial proposed to use a sketch then made. Certainly such a sketch then made could not be construed as an admission by Andrews, who had then been dead for twenty years.

Defendants' denial of plaintiff's title cast on plaintiff the burden of proof. He could establish his title by showing adverse possession under color for seven years. The court submitted that question to the jury. It found adversely to plaintiff. He could also carry the burden of proof by showing a connected chain of title from the sovereign to him for the identical lands claimed by him. He insists he has carried this burden. Judge McKinnon held to the contrary. The correctness of this ruling is made the basis for assignments of error 11, 12, 13, 16, 17, 19, and 29. Plaintiff contends he has shown four connected chains of title to the land claimed by him. He offered no evidence tending to fix the location of any of the lands described in his asserted third and fourth source of the title; hence we consider only the first two sources. The first source is a deed from the State Board of Education to Hammer Lumber Company dated July 1920 conveying for $2,000 a tract there specifically described as containing 26,240 acres and "being the same tract of land granted by the State of North Carolina to David Allison, January 22, 1796 . . ." He then offered a deed from Hammer Lumber Company to Beaufort County Lumber Company dated January 1922 for the identical land described in the deed from State Board of Education. The next asserted link in this chain of title is a deed from William S. Grady, Jr., W. N. Jackson, and L. R. Varser, receivers of the Beaufort County Lumber Company, to F. McMillan. This deed recites a consideration of $150. The description in this deed differs from the description in the two preceding deeds. The acreage is not given. It is manifestly substantial since one line called for is more than four miles long, another more than three, and another a mile and a half.

The next link is a deed from F. McMillan to plaintiff, dated June 1941, containing the identical description used in the complaint.

The burden was on plaintiff to show that the descriptions in each of the deeds on which he based his claim of title covered and included the land he claimed. *Seawell v. Fishing Club, ante,* 402; *Southgate*

v. *Elfenbein*, 184 N.C. 129, 113 S.E. 594; *McBrayer v. Blanton*, 157 N.C. 320, 72 S.E. 1070.

To meet this burden plaintiff sought to show by the witness Brown that the land in controversy was within the boundaries set out in the deed from the State Board of Education to Hammer Lumber Company. Brown testified on direct examination that the land described in the complaint "is generally reputed to be within the area covered by the Allison grant." On cross-examination the witness testified that when surveyed according to the calls in the Allison grant the land in controversy would not be within its boundaries. Judge McKinnon was of the opinion that the statement on direct examination as to general reputation was without probative force because of the unequivocal testimony on cross-examination. Plaintiff cites no authority to support his claim that Brown's testimony of general reputation sufficed to require submission of that question to the jury. The question is not the same as that presented in *Singleton v. Roebuck*, 178 N.C. 201, 100 S.E. 313. There the witness testified of his own knowledge to a physical fact. Here his unequivocal testimony with respect to the location of the Allison grant is directly contrary to his assertion as to general reputation.

But if it be conceded that the reason given by Judge McKinnon was wrong, we think that he unquestionably reached the right result. Plaintiff had the burden of establishing not only the identity of the lands in the several deeds but a connected chain of title. Where a link is missing the chain is severed, and no benefit can accrue from the earlier conveyances. The first and second asserted chains of title are the only two which trace to the sovereign and in each of these claimed chains of title there appears to be a definite break.

The deed from State Board of Education to Hammer Lumber Company and the deed from Hammer Lumber Company to Beaufort County Lumber Company sufficed to show, *prima facie*, title to the lands there described in the Beaufort County Lumber Company, but plaintiff failed to establish that he acquired title to the properties owned by Beaufort County Lumber Company. For that purpose he offered a deed from Grady and others, receivers of Beaufort County Lumber Company. The record does not show what recitals, if any, appear in this deed. It may be presumed, however, that the persons named as receivers in the deed claimed judicial authority to convey, and that the deed contained recitals to that effect, but the recitals, if they appear in the deed, were not, as against these defendants, sufficient to establish that fact. The burden rested on plaintiff to show that the persons named as receivers were in fact receivers and had authority to convey. This should have been established by offering

the judgment roll in the action appointing receivers. *Shingleton v. Wildlife Commission,* 248 N.C. 89, 102 S.E. 2d 402; *Kelly v. Kelly,* 241 N.C. 146, 84 S.E. 2d 809; *Meeker v. Wheeler,* 236 N.C. 172, 72 S.E. 2d 214; *Benners v. Rhinehart,* 109 N.C. 701; *Williamson v. Bedford,* 32 N.C. 198. Mere recitals in the deed do not establish, as against strangers, the facts there recited. *Walston v. Applewhite & Co.,* 237 N.C. 419, 75 S.E. 2d 138; *Thompson v. Lumber Co.,* 168 N.C. 226, 84 S.E. 289; *Barefoot v. Musselwhite,* 153 N.C. 208, 69 S.E. 71; *Crump v. Thompson,* 31 N.C. 491; *Claywell v. McGimpsey,* 15 N.C. 89; *Hardy v. Jones,* 6 N.C. 52, s.c. 4 N.C. 144.

One of the links in the asserted second chain of title is the deed from Andrews and Prevatte, commissioners, to Mary White. The recitals with respect to the authority of the grantors in this deed are not in the record, but, as noted above, if the deed contains recitals as to the authority of grantors, such recitals would not suffice to establish the right of the commissioners to act.

The court held that neither plaintiff nor defendants had established good paper title. For either to be adjudged owner it was necessary to establish title by virtue of possession, either for seven years under color or for twenty years without color. There is no evidence tending to show possession by plaintiff or his ancestors prior to 1940 to which he can connect himself. Evidence subsequent to that date was submitted to the jury by the court.

There was evidence on behalf of defendants tending to establish title to the land in controversy both by possession under color and by possession without color and that by virtue of such possession title had ripened in the defendants or their ancestors in title long prior to 1940. The court charged the jury that if they found as a fact that the defendants had, by virtue of such possession, acquired title to the land in controversy, theirs became the older title and the law would presume that they were thereafter rightfully in possession, and possession by plaintiff outside of and beyond the boundaries of the land owned by defendants would not, by virtue of plaintiff's color, be constructively extended to cover the land which defendants had acquired by virtue of their prior possession. This was a correct statement of the law. *Land Co. v. Potter,* 189 N.C. 56, 127 S.E. 343; *Boomer v. Gibbs,* 114 N.C. 76.

Plaintiff assigns as error the refusal of the court to submit to the jury an issue as to the amount of damages for trespass. The court was of the opinion that plaintiff had not properly preserved his right to have that issue submitted, but if plaintiff was right and his exceptions sufficed to justify submission of the issue, certainly no prejudice has come to him by the refusal. The finding of the jury that de-

fendants were the owners of the land from which the timber was cut negatived plaintiff's claim of trespass and defeated his claim for damages.

We have examined each of the other assignments of error but find none prejudicial to plaintiff or which in our opinion requires discussion. The judgment is

Affirmed.