R. E. L. JOHNSON, SR., AND WIFE, ADELL G. JOHNSON, v. J. ODELL DAUGHETY AND WIFE, LUCY HILL DAUGHETY; SUDIE KILPATRICK; AND W. O. McGIBONY, TRUSTEE FOR FEDERAL LAND BANK OF COLUMBIA.

(Filed 20 June, 1967.)

**Pleadings § 18—  Demurrer for misjoinder of parties and causes of action held properly sustained.**

A complaint alleging that the male plaintiff is the owner in fee simple and is in possession of a described tract of land, that the dividing line between plaintiff's tract and two adjoining tracts extended to and from a common corner, and that the owner of one of the contiguous tracts and the owners of the other contiguous tract had trespassed upon plaintiff's tract, and praying that the male plaintiff be declared owner of the land within the boundaries contended by him, that defendants be enjoined from trespassing thereon, and that plaintiffs recover a specified sum from each as damages for their respective trespasses, *held* demurrable for misjoinder of parties and causes of action, since plaintiff seeks not only the establishment of the dividing lines between his tract and the respective contiguous tracts, but also damages for independent trespasses by the owners of the contiguous tracts, and therefore the causes united in the complaint do not affect all the parties to the action. G.S. 1-123.

APPEAL by plaintiffs from *Farthing, J.,* January 16, 1967 Civil Session of LENOIR.

The hearing below was on defendants' joint demurrer to the complaint.

The complaint, in substance, alleges: Plaintiff R. E. L. Johnson, Sr., (referred to hereafter as Johnson) owns in fee simple and is in possession of a described tract of land in Sandhill Township, Lenoir County, North Carolina, containing 368 acres, more or less. Defendants Daughety own a described tract of land adjoining and immediately south of Johnson's said 368-acre tract. Defendant Kilpatrick owns a described tract of land adjoining and immediately south and east of Johnson's said 368-acre tract. The land of defendant Kilpatrick is subject to a deed of trust to defendant McGibony, Trustee for Federal Land Bank of Columbia. The dividing line between the Johnson and Daughety tracts and the dividing line(s) between the Johnson and Kilpatrick tracts extend to and from a "common corner," this being a corner of each of these three tracts. Defendants Daughety and also defendant Kilpatrick have trespassed upon and damaged Johnson's said tract by attempting to cultivate portions thereof and by damage to or destruction of Johnson's fences.

Plaintiffs pray: That Johnson be adjudged the owner and entitled to the possession of the tract of land to which he asserts ownership; that defendants Daughety and defendant Kilpatrick be en-

joined from trespassing thereon; that Johnson recover from defendants Daughety the sum of $300.00 on account of damage caused by past trespasses; that Johnson recover from defendant Kilpatrick the sum of $300.00 on account of damage caused by past trespasses; and that a competent surveyor be appointed to survey and establish on the ground the true boundary lines between Johnson and defendants Daughety and also between Johnson and defendant Kilpatrick.

Plaintiffs obtained a temporary restraining order, which, by consent, was continued in effect pending the hearing on the demurrer.

Defendants demurred on two grounds, viz.: (1) That plaintiffs' action is in effect a processioning proceeding of which the clerk has *original* jurisdiction; and (2) that there is a misjoinder of parties and causes of action.

After hearing, the court entered judgment sustaining the demurrer and dismissing the action.

Plaintiffs excepted and appealed.

*Whitaker, Jeffress & Morris and Aycock, LaRoque, Allen, Cheek & Hines for plaintiff appellants.*

*C. E. Gerrans and Thomas J. White for defendant appellees.*

BOBBITT, J. "Questions of disputed boundaries may arise and be determined in various kinds of actions at law, such as an action of, or in the nature of, ejectment, where title is in dispute, or trespass, where there has been no dispossession of the plaintiff. . . . Apart from statute, courts of equity exercise jurisdiction to settle disputed boundaries only where there is some recognized ground for the interposition of equity and there is no adequate remedy at law. If the law furnishes an adequate remedy to one whose boundaries are in dispute, he must seek his relief at law." 12 Am. Jur. 2d, Boundaries § 91; *Hough v. Martin*, 22 N.C. 379; Tiffany on Real Property, Third Edition, § 652.

G.S. 38-1 provides that "(t)he owner of land, any of whose boundary lines are in dispute, may establish any of such lines by special proceedings in the superior court of the county in which the land or any part thereof is situated." G.S. 38-2 provides that "(t)he occupation of land constitutes sufficient ownership for the purposes" of such proceedings. G.S. 38-3 sets forth what must be alleged in the petition and in general describes the procedure before the clerk of the superior court in such proceedings. See *Pruden v. Keemer*, 262 N.C. 212, 136 S.E. 2d 604. The cited statutes are codifications of the provisions of Chapter 22, Public Laws of 1893, which repealed Chapter 48, The Code of 1883, a codification of prior statutes providing different procedures for processioning.

The procedure prescribed by G.S. 38-3 is applicable only in case of a dispute as to *the true location* of the boundary line between adjoining landowners. *McCanless v. Ballard*, 222 N.C. 701, 24 S.E. 2d 525. Whether this is the only permissible procedure where the true location of such dividing line is the only question involved need not be decided on this appeal. Suffice to say, plaintiffs chose to institute this civil action rather than a special proceeding under G.S. 38-3.

The establishment of the true location of the boundary lines between adjoining landowners is not the sole purpose of plaintiffs' action. Plaintiffs allege that Johnson *owns in fee simple* the 368-acre tract of land described in the complaint and that defendants Daughety and also defendant Kilpatrick have trespassed thereon. These allegations are appropriate in an action in trespass to try title. *Norman v. Williams*, 241 N.C. 732, 86 S.E. 2d 593. To maintain such action, proof of Johnson's title, including the location of his boundaries, and of the alleged trespasses, is required. Plaintiffs also allege that Johnson *is in possession of* said 368-acre tract and that defendants Daughety and also defendant Kilpatrick have trespassed thereon. These allegations are appropriate in an action in trespass for wrongful invasion of the possession of another. *Matthews v. Forrest*, 235 N.C. 281, 69 S.E. 2d 553. To maintain such action, proof of Johnson's lawful possession, actual or constructive, and of the alleged trespasses, is required.

Johnson seeks to recover from defendants Daughety the sum of $300.00 on account of damage caused by their past trespasses. He seeks to recover from defendant Kilpatrick the sum of $300.00 on account of damage caused by her past trespasses. In addition, he seeks injunctive relief, temporary and permanent.

The alleged cause of action for trespass and damage by defendants Daughety is separate and distinct from the alleged cause of action for trespass and damage by defendant Kilpatrick. Defendant Kilpatrick is not a necessary or proper party to Johnson's said action against defendants Daugherty; nor are defendants Daughety necessary or proper parties to Johnson's said action against defendant Kilpatrick. These causes of action, united in the same complaint, do not "affect all the parties to the action," as required by G.S. 1-123.

The complaint does not allege expressly or by implication that defendants Daughety and defendant Kilpatrick acted in concert in respect of any alleged trespass upon or damage to Johnson's property. The only reasonable inference to be drawn from plaintiffs' allegations is that the alleged trespass and damage by defendants Daughety was committed along or near the dividing line between the Johnson and Daughety tracts; that the alleged trespass and

damage by defendant Kilpatrick was committed along or near the dividing line between the Johnson and Kilpatrick tracts; and that the actions of defendants Daughety and of defendant Kilpatrick were independent of and unrelated to each other. We find nothing in plaintiffs' allegations suggesting that defendants Daughety and defendant Kilpatrick at any time participated in any way in any trespass or damage committed by the other. As stated succinctly by Rodman, J., in *Nye v. Oil Co.*, 257 N.C. 477, 479, 126 S.E. 2d 48, 49: "If the facts alleged are sufficient to warrant recoveries against each defendant for wrongs done only by that defendant, there is a misjoinder of parties and causes."

In this civil action, in which plaintiffs seek, *inter alia*, relief obtainable in a special proceeding under G.S. 38-3, additional causes of action have been joined in which plaintiffs seek to recover damages on account of alleged trespasses, one against defendants Daughety and the other against defendant Kilpatrick, which are separate and distinct. On account of such misjoinder of parties and causes of action, the court properly sustained the demurrer and dismissed the action. *Bannister & Sons, et al., v. Williams*, 261 N.C. 586, 588, 135 S.E. 2d 572, 574, and cases cited. Hence, the judgment of the court below is affirmed.

Affirmed.