BRANDENBURG LAND COMPANY, A CORPORATION v. ARTHUR F. WHITE, FLOYD D. WHITE, HAZEL WHITE, LATHAM RIGGS, GEORGE EVANS, LEE THOMAS WRIGHT AND AMOS SYKES

No. 754SC267

(Filed 16 July 1975)

1. Trespass to Try Title § 2— burden of proof

When defendants in an action in trespass to try title denied plaintiff's ownership of the subject tract, the burden was upon plaintiff to prove (1) title, (2) the location of its boundaries, and (3) the trespass and damage.

2. Trespass to Try Title § 4— missing link in chain of title

In this action in trespass to try title, there was a missing link in plaintiff's chain of title where defendant offered in evidence a 1900 trust deed in which the State Board of Education and two individuals conveyed the land to trustees with provision that the trustees would pay $25,000 to the Board out of the proceeds of sale of the land and any proceeds over that amount to three named individuals and that the trustees would reconvey to the Board any land remaining unsold on 1 July 1904, plaintiff offered no evidence of any conveyances or other action taken by the trustees under the 1900 trust deed, and the trust deed contained no reversionary clause which would vest title in the State Board of Education or the other named trust beneficiaries.

APPEAL by defendants from Webb, Judge. Judgment entered 3 December 1974 in Superior Court, JONES County. Heard in the Court of Appeals 29 May 1975.

This is an action in trespass to try title wherein plaintiff alleges that it is the owner of a certain tract of land (particularly described but acreage not stated) ; that defendants tres-

Land Co. v. White

passed upon the same by cutting and removing timber; and praying for double damages as provided by G.S. 1-539.1.

All defendants filed answer denying plaintiff's ownership and possession.

Trial by jury was waived.

Plaintiff offered evidence of a connected chain of title to it from the State as follows:

"(a) Land grant No. 505 issued to David Allison by the State of North Carolina for 13,705 acres of land in Jones County, North Carolina, dated the 27th day of December, 1794, duly registered in the office of the Secretary of State of North Carolina (and recorded in Book 778 at Page 405, Craven County Registry); . . .

(b) Land grant No. 551, issued to David Allison by the State of North Carolina for 1,280 acres in Jones County, North Carolina, dated 1795, recorded in Book 1 at Page 152, Jones County Registry, . . .

(c) Indenture, dated the 26th day of November, 1800 from Edmund Hatch, Sheriff of Jones County, to His Excellency the Governor of North Carolina, recorded in Book 3 at Page 354, Jones County Registry, conveying the above Allison Grants Nos. 505 and 551, among others;

(d) Deed from the North Carolina State Board of Education to Jones-Onslow Land Company, dated the 16th day of November 1909, recorded in Book 55 at Page 359, Jones County Registry, which conveys the lands described in (c) above, from Sheriff of Jones County to the Governor;

(e) Deed from William C. Blossom, Trustee in Liquidation of Jones-Onslow Land Company, to Brandenburg Land Company, the plaintiff herein dated the 8th day of January, 1971, recorded in Book 161 at Page 491, Jones County Registry, conveying to the plaintiff all interest of Jones-Onslow Land Company in any lands situate in Jones and Craven Counties, . . ."

Charles J. Brooks, Registered Land Surveyor, for the plaintiff, testified that the subject tract of land was comprised of parts of the two adjoining tracts, Grant No. 505 (13,705 acres) and Grant No. 551 (1,280 acres); that he platted the two tracts,

first establishing the beginning corner of Grant No. 505 which begins at "Hezekiah Merritt's beginning line of his 100-acre patent dated the 2nd day of October, 1782," using two old maps—the "Noble Map" made in 1905 for the State Board of Education, which included surveys of Grants Nos. 505 and 551, and the map entitled "Halifax Timber Company—Miller Heirs Tract, by William H. Utley, Surveyor," dated December 1961, recorded in Map Book 5, page 74, Jones County Registry, which included surveys of the Hezekiah Merritt 100-acre patent and other adjoining tracts. The beginning corner of Grant No. 551 (1,280 acres) was the third corner of the Merritt 100-acre patent. He made a physical survey of that part of Grants Nos. 505 and 551 which lies within the perimeter of the subject tract described in the complaint, describing in detail what he found on and near the lines and corners. The map he made from this survey was received in evidence.

Plaintiff also offered evidence of the cutting and removal of timber by the defendants.

Defendant introduced into evidence a trust deed dated November 28, 1900, from State Board of Education and Chas. S. Vedder and wife to Stephen W. Isler, Baylis Cade, and Edward Willis, Trustees, recorded in Book 44, page 281, Jones County Registry, conveying Grants Nos. 505 and 551 to the grantees in trust upon payment of $25,000 to the State Board of Education on or before the 1st day of July, 1904. Other provisions of this trust deed are discussed in the opinion.

In rebuttal plaintiff offered in evidence recorded deeds as follows: (1) from Charles S. Vedder and wife to Henry T. Welch, dated 25 July 1904, conveying 1/6th undivided interest in the lands described in the aforesaid trust deed, (2) from Henry T. Welch, dated 15 December 1906, for his interest in said lands to Phoenix Real Estate Company, and (c) from Phoenix Real Estate Company to Jones-Onslow Land Company, dated 26 August 1908, quitclaiming all interest in the subject lands.

The trial court granted motion for directed verdict by defendants Arthur F. White, Floyd D. White, Hazel W. and Lathan Riggs. Judge Webb found facts, concluded that plaintiff had proved title and had located the boundaries of the subject tract; that defendants Lee Thomas Wright, George Evans and Amos Sykes had trespassed by cutting and removing timber having a

market value of $429.37, and adjudged that plaintiff recover of defendants the sum of $858.74, double the value of the timber removed as provided by G.S. 1-539.1. The defendants Lee Thomas Wright, George Evans and Amos Sykes appealed.

*Henderson, Baxter & Davidson by David S. Henderson for plaintiff.*

*Dunn & Dunn by Raymond E. Dunn for defendants.*

CLARK, Judge.

The tract of lands described in the complaint is comprised of parts of two tracts of land granted by the State to David Allison as follows: (1) Grant No. 505, dated 27 December 1794, containing 13,705 acres, and (2) Grant No. 551, dated 30 June 1795, containing 1,280 acres. It appears from the descriptions in the grants that the subject tract is located near the Trent River and in or near various swamps and creeks. It is stipulated that Jones-Onslow Land Company has not listed any land for taxation in Jones County since 1927, and that plaintiff has not listed it for taxation at any time, though it claims ownership under the deed from William C. Blossom, Trustee in Liquidation, dated 8 January 1971.

The Court of Common Pleas in Charleston, South Carolina, appointed on 4 October 1969, William C. Blossom "to act as trustee in liquidation of the defendant Jones-Onslow Land Company." The said Trustee filed a petition 25 August 1970, reciting that plaintiff had offered the sum of $3,200 for any real property that Jones-Onslow Land Company "might own in Jones and Craven Counties," and that said Trustee "has been unable to determine that Jones-Onslow Land Company owns any real property in either of the two counties." He recommended acceptance of the offer and sought approval of the Court. However, the record on appeal does not include an order of the court for sale of the land.

It may be reasonably inferred from the foregoing facts that the subject tract is located in a swamp or river lowlands; that it is in an uninhabited and isolated area; that its use is limited to the growing of trees; and that claim of ownership or interest in acquisition of the tract is stimulated from time to time when the merchantable size of the trees combine with a good lumber market to give the tract an attractive market value.

[1] In this action in trespass to try title when defendants denied the ownership of the subject tract, the burden was upon the plaintiff to prove (1) title, (2) the location of its boundaries, and (3) the trespass and damage. *State v. Brooks,* 279 N.C. 45, 181 S.E. 2d 553 (1971) ; *Johnson v. Daughety,* 270 N.C. 762, 155 S.E. 2d 205 (1967) ; *Hines v. Pierce,* 23 N.C. App. 324, 208 S.E. 2d 721 (1974) ; and *Pruden v. Keemer,* 1 N.C. App. 417, 161 S.E. 2d 783 (1968). The plaintiff must rely on the strength of his own title and not on the weakness of defendant's title. *Keller v. Hennessee,* 11 N.C. App. 43, 180 S.E. 2d 452 (1971).

Plaintiff sought to carry the burden of proof "by showing a connected chain of title from the sovereign to [it] for the identical lands claimed by [it]." *Sledge v. Miller,* 249 N.C. 447, 451, 106 S.E. 2d 868, 872 (1959) ; *accord, Gahagan v. Gosnell,* 270 N.C. 117, 153 S.E. 2d 879 (1967).

Defendants contend that there is a missing link in the plaintiff's chain of title. "Where a link is missing the chain is severed, and no benefit can accrue from the earlier conveyances." *Sledge v. Miller, supra,* at 452, 106 S.E. 2d at 873; *accord, State v. Brooks, supra.* Defendants put in evidence the trust deed from the State Board of Education and Charles S. Vedder and wife, dated 28 November 1900, to Stephen W. Isler, Baylis Cade and Edward Willis, Trustees, which was registered 7 December 1900. Defendants take the position that the quitclaim deed in plaintiff's chain of title from the State Board of Education to Jones-Onslow Land Company dated 16 November 1909 conveyed no title or interest in the subject lands because the State Board of Education some nine years before had conveyed all its interest in and to the lands by the aforesaid trust deed.

[2] Plaintiff in rebuttal offered a deed dated 25 July 1904 from Charles S. Vedder and wife to Henry T. Welch for a 1/6th interest in the subject lands and mesne conveyances into the plaintiff. And plaintiff contends Charles S. Vedder, under the said trust deed, retained an interest in the subject tract, which by mesne conveyances plaintiff now owns; and that either under this Vedder deed or the 1909 quitclaim deed from the State Board of Education, the plaintiff owns some interest in the lands which entitles it to possession and the right to maintain this action. We find, however, that by the said trust deed, a most unusual instrument, both Charles S. Vedder and wife and the State Board of Education conveyed such legal title as they

Land Co. v. White

owned at the time to the named trustees. The trust deed recites that Vedder and wife had brought action to recover the lands from the State Board of Education. Apparently, the subsequent provisions of the trust deed constituted the settlement terms of the land action. In consideration of the sum of $1,500.00 paid to the State Board of Education and the sum of $25,000.00 to be paid to said Board on 1 July 1904, Vedder and wife and said Board conveyed lands (including Grants 505 and 551) in fee simple to the three named trustees. Thereafter, the trust deed provided that the trustees would hold the land in trust, gave them the right to sell the lands or any parts thereof until 1 July 1904; upon failure to sell the lands and pay over to said Board the sum of $25,000.00 on or before 1 July 1904, it shall be the duty of the said trustees to reconvey to the State Board of Education all lands and premises that may on said day remain unsold or unconveyed. The trust deed further provided that "the said Stephen W. Isler and Charles S. Vedder and the said Edward Willis shall be entitled to all the rights and interests in said lands over the above $25,000.00, aforesaid, which is to be paid to the State Board of Education. All net proceeds of sales and all moneys over and above the said $25,000.00 which may be in the lands of the trustees shall be accounted for and paid over . . . in proportion or shares following, that is to say Stephen W. Isler, 1/6th; to the said Edward Willis, 1/6th; to the said Charles S. Vedder, 4/6ths. . . ."

Plaintiff offered no evidence of any conveyances or any other action taken by the named trustees under the terms of the said trust deed. And the trust deed did not contain a reversionary clause which would upon failure to perform vest title to the lands or any part thereof in either the State Board of Education or the other named trust beneficiaries. Under these circumstances, according to the record on appeal, legal title to the subject lands remains in the trustees named in the same trust deed, and neither the State Board of Education in its quitclaim of 16 November 1909 nor Charles S. Vedder and wife by their deed of 25 July 1904 conveyed any interest in and to the subject lands.

Since there is a break in plaintiff's purported connected chain of title, we find error in the failure of the trial court to grant the motions for directed verdict made by the defendants Lee Thomas Wright, George Evans, and Amos Sykes. The judg-

ment is reversed and the cause is remanded with the direction that the action against all defendants be

Dismissed.

Judges MARTIN and ARNOLD concur.